## PRINCE vs. THE STATE.

[INDICTMENT FOR RAPE.]

1. *Sufficiency of verdict.*—Under an indictment for rape, a verdict, finding the prisoner " guilty of an assault with *attempt* to commit a rape," is equivalent, in substance and legal effect, to a verdict of guilty of an assault with *intent* to commit a rape.

FROM the Circuit Court of Russell.

Tried before the Hon. NAT. COOK.

THE indictment in this case charged, that the prisoner, Henry Prince, "forcibly ravished Mary Elizabeth Vinson, a female." The trial was had on issue joined on the plea of not guilty, and the jury returned a verdict in these words, " We, the jury, find the defendant guilty of an assault with•attempt to commit a rape ;" which was written on the back of the indictment, and signed by the foreman of the jury. " When this verdict was handed by the foreman to the clerk, by the direction of the court, and was read aloud in open court by the clerk, the prisoner immediately asked that the jury might be polled; and thereupon the court asked each juror if that was his verdict, and each answered in the affirmative. Immediately after this, the court asked the jury, whether they meant to find the prisoner guilty of an assault with *attempt* to commit a rape, or to find him guilty of an assault with *intent* to commit a rape ; and explained to them the difference between *attempt* and *intent*, as bearing upon a verdict in such a case as this. Thereupon the jury said, that they meant to find the prisoner guilty of an assault with *intent* to commit a rape, and altered the language of their verdict; and the court then ordered it to be recorded, as a verdict of guilty of an assault with intent to commit a rape, and it was so recorded. The prisoner objected to the question thus put to the jury by the court, and also to any answer being given to said question, on the ground that the court had no right or power to put the question,

or to require an answer to it; and that, as the jury had brought in the verdict as first above set forth, and had been polled, and as each juror had answered that the said verdict was his, the prisoner had the right to stand on said verdict, and claimed the right to stand on that verdict. The prisoner objected, also, to the action of the court in allowing the verdict to be changed, and in ordering it to be recorded as changed. Each of these objections was overruled by the court, and the prisoner excepted to its rulings and decisions."

GOLDTHWAITE, RICE & SEMPLE, for the prisoner:

1. There is a marked difference between an assault with *attempt* to commit a rape, and an assault with *intent* to commit a rape; the former being a misdemeanor only, while the latter is a felony.—State v. Martin, 3 Dev. 329, cited and approved in Marshall v. The State, 14 Ala. 411; Crosby v. Hawthorn, 25 Ala. 221. Under an indictment for a rape, a conviction may lawfully be had for "an attempt to commit the offense."—Code, § 3601.

2. When a verdict has been rendered, and has been received by the court, it cannot be altered, to the prejudice of the prisoner, without his consent, though it may be changed in a matter of mere form. That the verdict was received by the court in this case, is conclusively shown by the fact that the jury was polled by the court; for the court cannot poll the jury until it receives their verdict. In law, the polling is an affirmation of the verdict, and places it beyond recall; and it is not in the power of the court afterwards to change it, without the prisoner's consent.—1 Chitty on Criminal Law, 648; The State v. Arrington, 3 Murph. 571; The State v. Bright, 2 Carolina Law Depository, 634; Snell v. Bangor, 30 Maine, 337; State v. Bogain, 12 La. Ann. Rep. 264; State v. Phinney, 42 Maine, 384; State v. Norvell, 2 Yerger, 24; State v. Benham, 7 Conn. 414; Stoltz v. The People, 4 Scam. (Ill.) 111; Kirk v. Commonwealth, Leigh, 627.

M. A. BALDWIN, Attorney-General, *contra*, cited the

following authorities: 2 Hale's P. C. 299; 1 Chitty's Criminal Law, 646–7; Burk v. Commonwealth, 5 J. J. Mar. 675; 1 Bishop's Criminal Law, § 673, and authorities cited; State v. Underwood, 2 Ala. 744.

R. W. WALKER, J.—In the State v. Marshall, 14 Ala. 411, it was held, that an indictment, which charged that the defendant committed "an assault with an *attempt* to murder," is not a sufficient allegation of the offense defined by the statute as "an assault with *intent* to murder." We will not now stop to inquire whether this decision can be sustained upon principle. Whatever may be the rule in reference to the form of indictments, under a statute using the specific words above quoted, it could never be tolerated that a distinction so technical should be applied in construing the verdict of a jury. Verdicts are not construed strictly, as pleadings are. If the meaning of the jury can be collected from the finding, the court will mould the verdict into form, and make it serve.—Oxford v. The State, 33 Ala. 417. Bishop, in his work on Criminal Law, says, "When we say that a man attempted to do a thing, we mean that he intended to do specifically it, and proceeded a certain way in the doing. The *intent* in the mind covers the thing in full; the act covers it only in part."—1 Bishop's Crim. Law, §§ 511–12. Indeed, it seems impossible to doubt that the only distinction between an *intent* and an *attempt* to do a thing, is, that the former implies the purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution.—Johnson v. The State, 14 Geo. 59; 2 Bishop's Crim. Law, § 663; Bullock v. The State, 13 Ala. 416; Uhl v. Commonwealth, 6 Gratt. 710; State v. Davis, 1 Ired. 125.

However strict may be the requisition that, in indictments founded on a statute prescribing the punishment for an assault with *intent* to commit a particular offense, the specific words of the statute shall be pursued; yet, inasmuch as an *attempt* to do a thing necessarily involves an *intent* to accomplish what is attempted, we think that, when a jury returns as their verdict that the

defendant is guilty of an assault with attempt to commit a rape, this is tantamount to a verdict that he is guilty of an assault with *intent* to commit a rape. It follows from this, that the amendment of the verdict made in the 'court below, was one of mere form, and did not change its substance or legal effect. Even if it be conceded, therefore, that the amendment was irregular, the defendant has not been injured by, and cannot complain of it.

Judgment affirmed.