# CHARLESTON.

## STATE *v.* HAGER.

Submitted June 25, 1901. Decided November 30, 1901.

1. INDICTMENT—*Form—Intent.*

An indictment under section 9, chapter 152, Code 1899, which charges that the defendant "did attempt" to murder another, is good, though it does not charge that the act constituting the attempt was done with intent to murder. The word "attempt" implies the "intent." (p. 371).

2. INDICTMENT—*Attempted Murder.*

Upon an indictment under section 9, chapter 152, Code 1899, for attempting to commit murder the verdict may convict of an attempt to commit murder in either the first or second degree, and the verdict not only may, but must specify the degree of the murder attempted. (p. 372).

Error to Circuit Court, Boone County.

Robert Hager was convicted of assault with intent to kill, and brings error.

*Affirmed.*

S. C. BURDETTE, for plaintiff in error.

EDGAR P. RUCKER, ATTY. GEN., and L. C. ANDERSON, for the State.

BRANNON, PRESIDENT:

Robert Hager was convicted by a jury in the circuit court of Boone County upon an indictment charging that he "On the 9th day of April, 1899, in the said county of Boone being then and there armed with a dangerous and deadly weapon, to-wit: a gun and pistol loaded with gun powder and leaden bullets, which said gun and pistol the said Robert Hager in his hands then and there had and held, in and upon one Henry Ball an assault did make, and him, the said Henry Ball, did then and there unlawfully and feloniously attempt to feloniously, wilfully, maliciously, deliberately and unlawfully slay, kill and murder, by then and there presenting and aiming said gun and pistol at the said Henry Ball, he, the said Henry Ball, being then and there in shooting distance in the range of said gun and pistol, and that the said Robert Hager did then and there feloniously, wilfully, maliciously, deliberately and unlawfully discharge said gun and pistol so loaded as aforesaid, and presented and aimed at the said Henry Ball as aforesaid, but he the said Robert Hager was then and there prevented from hitting and failed to hit the said Henry Ball, and was prevented from committing and failed to commit the said murder. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Robert Hager, in the county aforesaid, on the day and year aforesaid, and in the manner and form aforesaid, him, the said Henry Ball, did unlawfully and feloniously attempt to feloniously, wilfully, maliciously, deliberately and unlawfully slay, kill and murder, against the peace and dignity of the State."

The defendant's demurrer and motion to quash the indictment raise the question whether the indictment is bad for omitting to aver in express terms that the acts done in the attempt to kill were done with intent to murder. We grant, as claimed by counsel for the defendant, that to constitute an attempt there must be an intent to commit the act, and some act done towards its consummation of such a nature as to constitute the attempt to commit the offense. *Clark's Case*, and *Uhl's Case*, 675 and 706; 1 McClain's Crim. L., s. 222. The better course is to charge

both the intent and the overt act, for both must co-exist. 1 McClain's Crim. L., s. 228. But the authority last cited at the same time distinctly says: "The allegation of the, attempt implies the intent to do the act attempted. In fact, the allegation of attempt implies both the intent and an actual offer to consummate the intent, and therefore such an allegation has been held in itself sufficient." It is a principle of pleading that whatever is included in, or necessarily implied from an express allegation, need not be otherwise averred. "When we say that a man attempted to do a thing, we mean that he intended to do, specifically, it, and proceeded a certain way in doing it." 1 Bishop's Crim. L., s. 729. It was held in *Scott* v. *People,* 141 Ill. p. 204, that where the statute uses the word "intent," it is necessary to charge it, but otherwise where the statute uses the word "attempt" only, as ours does. The indictment uses the word of the statute. That case held good an indictment charging merely an attempt, and not an intent. "It seems impossible to doubt that the only distinction between an intent and an attempt to do a thing is that the former implies purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution." Hughes, Crim. L. & Prac., s. 2751. This doctrine is sustained in numerous cases. *Jackson* v. *State,* 91 Ala. 55; *Prince* v. *State,* 35 Ala. 367; *Johnson* v. *State,* 14 Ga. 55. An indictment charging that the defendant "unlawfully, feloniously, after premeditation, deliberation and of his malice aforethought did attempt to shoot, kill and murder," was held good, the court saying that "an attempt to kill necessarily implies an intent to kill." *Felker* v. *State,* 54 Ark. 489. Other cases might be cited. So the indictment is good.

The jury found Hager not guilty of an assault to commit murder in the first degree, but guilty of an attempt to commit murder in the second degree, and it is urged before us that there cannot be a conviction of an attempt to commit murder in the second degree, because there can be no attempt without a previously formed design, without premeditation and deliberation, elements which are wanting in second degree murder and manslaughter. Our law recognizes two degrees of 'murder, and I see no reason why there cannot be a conviction of an attempt to commit either murder in the first or second degree. One is punishable with death, the other by confinement in the penitentiary, and as the Code in chapter 152, section 9, says that upon con-

viction of an attempt if the offense attempted be punishable with
death, the person making the attempt shall be confined in the
penitentiary, and if punishable by confinement in the peniten-
tiary, he shall be confined in jail, the law would demand that a
jury do just as the jury did in this case, specify the degree of
murder, as it would be indispensible to the rendition of judg-
ment. The position of counsel amounts to this, that if a person
make an assault with intent to kill under such circumstances as
would make the act, if consummated, murder in the second de-
gree, he must go scott free, or suffer for assault and battery only.
The law, however, is that if the act of attempt is attended with
such circumstances as would make the killing, if accomplished,
murder in the second degree, the party is guilty of an attempt
to commit murder of that degree. In *Read's Case,* 22 Grat. 924,
it was held that under the statute against maiming that if the
circumstances be such as would make the act, if death ensued,
murder in either degree, then shooting would be malicious, and
if it would be manslaughter, then the shooting would be unlaw-
ful shooting. The same test here applies. As to assault with
intent to kill, which is the offense in this case, 1 McClain's Crim.
L., s. 274, says that "it must appear that the killing, had death
resulted, would have been murder, that is, the intent must be
such as would involve malice aforethought, had death resulted."
The same doctrine is laid down in full in 3 Am. & Eng. Ency.
L. (2 Ed.) 256, and note 2, where many authorities are cited.
These are the only points raised in the case by the counsel for the
prisoner, and the only points arising on the record. There are
instructions copied into the record, but there is not any bill of
exceptions showing the evidence as to the relevancy of the in-
structions, not a show of anything making those instructions
part of the record by bill of exceptions or otherwise, and they
are not part of the record. Counsel for the prisoner does not rely
upon those instructions or refer to them. Therefore we affirm
the judgment.

*Affirmed.*