(87 South. 628)

MOTE v. STATE.　(7 Div. 628.)

(Court of Appeals of Alabama. June 22, 1920.)

INDICTMENT AND INFORMATION ☞190—DEFENDANT, CHARGED WITH VIOLATING BONE DRY LAW, MAY BE CONVICTED OF ATTEMPTING TO MAKE WHISKY.

Defendant, charged with violation of the Weakley Bone Dry Law, could be convicted of attempting to make whisky, where proof established such attempt, in view of Code 1907, §§ 6311, 7315, authorizing a conviction for attempts under indictment charging the offense, and section 7622, providing for a punishment, if not specified in the Code.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Charlie Mote was convicted of manufacturing prohibited liquor, and he appeals. Affirmed.

Willett & Walker, of Anniston, for appellant.

The evidence did not disclose a making, and an attempt to make is not a violation under the law. 70 South. 949; 82 South. 560; 115 Ala. 121, 22 South. 275.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The cases relied on by the appellant have been expressly overruled.

BRICKEN, P. J. The defendant was jointly indicted with two others, not on trial, for the offense of violating the act approved January 25, 1919, "to further suppress the evils of intemperance," known as the Weakley Bone Dry Law. Acts 1919, p. 6.

While the evidence failed to establish the fact that the defendant actually did distill, make, or manufacture any alcoholic, spirituous, or malted or mixed liquors or beverages of which a part was alcohol, the testimony is without dispute that he was caught in the act of attempting to do so, as was shown by the testimony of one of the witnesses, who said:

"We broke into their arrangements before they had time to make any whisky."

The undisputed facts in the case are that Sheriff Parker and two other men located a seemingly new still in the mountains of Calhoun county, the still being all set up and "ready to go." They found it just before day, and, in the language of Sheriff Parker, the cap was on the still, and it was ready to run, and there were some two to five barrels of beer there. No one was at the still when they first found it, and the officers secreted themselves near by and waited until about 7 o'clock, at which time they heard talking at the still and it was fired up. They waited then until about 9 o'clock before they raided the still. The still was a new one, and looked like this was the first "run" they had made. They had a good rock furnace, where the fire went around the still both ways. In some places the still was leaking smoke, and the defendant and two others were daubing around and fixing these places. The defendant appeared to be the principal dauber. The officers waited until the still was hot and running. The proverbial "little brown jug" was under the spout of the still, ready to receive the sorely condemned, much sought, and oft-times deemed most precious, fluid. Then came the sheriff with his assistants and guns. "O tempora! O mores!" The defendant, though barefooted and with pants rolled up, took to his heels, and stopped only at the insistent and ominous barking of the miniature artillery, coupled with the statement of the sheriff, if he did not halt, he would shoot him; it appearing then to defendant that under these conditions "discretion was the better part of valor," and he stopped.

No testimony was offered by the defendant, and after the state had closed its case, counsel for defendant moved the court to exclude the testimony, and also asked for the affirmative charge. The adverse rulings of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the court in declining to grant the motion to exclude the testimony, and the refusal to give the general affirmative charge for defendant, are presented for review and insisted upon as error; a portion of the oral charge of the court was excepted to, and this question is also presented.

The court was not in error in overruling the motion to exclude the testimony, nor in refusing the general affirmative charge requested by defendant, for the reasons hereinafter stated in the discussion of the exception reserved to the oral charge of the court. The portion of the oral charge excepted to is as follows:

"Under the evidence in this case, the defendant would not be guilty of the offense of distilling, making, or manufacturing whisky because the evidence is that no whisky was made; but if you are convinced beyond a reasonable doubt that he attempted to make whisky, in this county and within 12 months before the finding of this indictment, then you will be authorized to convict him, and in that event you should assess a fine of not more than $500."

The jury returned a verdict finding the defendant guilty of attempting to make whisky, and assessed a fine against him of $400.

The defendant relies upon the cases of Mixon v. State, 14 Ala. App. 11, 70 South. 949 and Corkran v. State (App.) 82 South. 560,[1] both of which cases fully sustain the defendant's counsel in each of their contentions. However, the Mixon Case, supra, and the Corkran Case, supra (which was decided under the authority of the Mixon Case), have both been expressly overruled by the Supreme Court in the case of Corkran v. State (December 18, 1919) 203 Ala. 513, 84 South. 743. In this case, the Supreme Court, through Anderson, C. J., said:

"An attempt to commit a misdemeanor is a misdemeanor, whether the offense is created by statute, or was an offense at common law. * * * A mere unsuccessful attempt to commit a substantive crime being ordinarily indictable at the common law, such punishable attempts increase with the statutes creating new crimes. * * * As a general rule, an attempt to commit a crime is a misdemeanor, whether the crime attempted is a felony or misdemeanor, and whether an offense at common law or under the statute"—citing a large number of decisions, including 16 C. J. p. 111, § 90.

He further says:

"It is true that the compiler of the foregoing citation of Corpus Juris states that it has been held that 'an attempt to commit a misdemeanor which is purely statutory, and not malum in se, is not indictable as a separate misdemeanor unless made so by statute,' and cites a few cases in note 92, and which said exception was followed by the Court of Appeals in the instant case; but we think that the great weight of authority adheres to the general rule as above set forth, including our own court, without, perhaps, at the time passing upon an attempt to commit a statutory misdemeanor not malum in se. The holding of the Court of Appeals in the case at bar, to the effect that an attempt to commit the offense there charged was not an offense, was erroneous, and the case there cited, Mixon v. State, 14 Ala. App. 11, 70 South. 949, is also unsound."

Sections 6311 and 7315 of the Code of 1907 authorize a conviction for attempts under indictments charging the offense. Hutto v. State, 169 Ala. 19, 53 South. 809. Section 7622 of the Code 1907 provides for a punishment, if not specifically specified in the Code.

The rulings of the court in the instances complained of were strictly in accord with the views here expressed, and the verdict of the jury was responsive to the charge of the court and the undisputed facts of the case. It follows, therefore, that the judgment of the circuit court must be affirmed.

Affirmed.