(92 South. 108)

HENRY, County Treasurer, v. WIGGINS.
(6 Div. 654.)

(Supreme Court of Alabama. March 3, 1922.)

**1. Sheriffs and constables ⊙⇒29—Subsequent local act controls provisions of general act.**

Though Gen. Acts 1915, p. 382, approved September 10, 1915, applied to Jefferson county, the subsequent local act of September 14, 1915 (Loc. Acts 1915, p. 374), relating to that county, must prevail in so far as there may be any conflict.

**2. Sheriffs and constables ⊙⇒70—Payment of salary only from receipts does not apply to deputy's salary.**

The provision of Loc. Acts 1915, p. 375, § 4, restricting the amount to be paid an officer by way of salary to the amount of fees earned and collected less the cost of conducting the office, applies only to the salary of the officer himself, as distinguished from the salaries of his deputies, which are included in the costs of conducting the office, so that a deputy sheriff is entitled to payment of his salary under the preceding provisions of the statute, even though the fees earned are insufficient to meet it.

**3. Sheriffs and constables ⊙⇒70—Payment of deputies' salaries is to be made from general fund after sheriff's fund consolidated with it.**

The provisions of Gen. Acts 1915, p. 384, §§ 6½ and 7, relating to payment of salaries, and providing for a sheriff's fund, do not prevent the payment of the salaries of the deputy sheriff from the general fund in a county in which, under Loc. Acts 1915, p. 374, the sheriff's fund goes into the general fund of the county, especially in view of Act Sept. 3, 1919 (Gen. Acts 1919, p. 258).

Sayre, J., dissenting.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Application by Steve Wiggins for summary judgment against W. V. Henry, as county treasurer of Jefferson County, upon a warrant issued in payment of his salary, for the month of January, as Deputy Sheriff for said county. From a decree granting the motion, the defendant appeals. Transferred

from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Steve Wiggins was appointed a deputy sheriff of Jefferson county by the sheriff, and on February 4, 1922, the president of the board of revenue of Jefferson county caused a warrant to be issued to him for the sum of $150 as remuneration for his services as such deputy sheriff during said month. It is alleged that M. B. Henry is treasurer of Jefferson county, that there is sufficient funds in the general fund of the county in the hands of the treasurer to pay said warrant, and that the treasurer has failed and refused to pay the warrant.

The treasurer answered admitting the facts set out in the petition, but denied his liability, because he said the cost of the conduct and operation of the office of sheriff of Jefferson county during the month of January largely exceeded the amount of the fees charged and commissions earned and collected by said sheriff and paid into the treasurer, and has largely exceeded the aggregate amount of such fees, charges, and commission earned and collected, together with those fees, charges, and commission earned but not collected. The answer then sets forth the amounts paid out on account of the sheriff's office and the aggregate of all fees, charges, and commissions earned and collected, together with those earned and not collected.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

The local act (Acts 1915, p. 374) contemplates and intends that the disbursement shall not exceed the amounts collected, together with the amount earned and not collected, only except that the board may pay monthly salaries in anticipation of fees actually earned for services rendered. 205 Ala. 376, 87 South. 785. The local act referred to clearly supersedes, so far as Jefferson county is concerned, the provisions of General Acts of 1915, p. 382, and General Acts 1919, p. 258, did not have the effect of repealing any provision of the general or local act above referred to.

Burgin & Bell, of Birmingham, for appellee.

General Acts 1919, p. 258, consolidated the sheriff's fund provided for by General Acts 1915, p. 382, even if the local act of 1915 did not abolish the particular fund by consolidating it with the general fund, and when such is the case the sheriff's expenses become payable out of both funds, or the consolidated fund. 113 Ala. 20, 21 South. 378; 57 Ala. 159; 54 Ala. 186. Having earned, having performed such services, and the warrant having been issued after the services have been performed, it became a special contract, and payable as such. 22 R.

C. L. 525; 160 U. S. 131, 16 Sup. Ct. 244, 40 L. Ed. 365.

ANDERSON, C. J. [1] While the act of 1915 (General Acts) page 382, approved September 10, 1915, applied to Jefferson county, the subsequent local act of September 14, 1915 (Local Acts 1915, p. 374), must prevail in so far as there may be any conflict.

Section 1 of said Jefferson county act fixes and provides for the payment of the salaries of the officers there enumerated, including the sheriff, and all of whom are to be paid monthly out of the county treasury.

Section 2 provides for the payment into the county treasury of all fees and commissions collected by said officers.

Section 3 authorizes the board of revenue to furnish clerical assistance and deputies for the respective officers and to fix their compensation and to provide how they shall be paid. This section also vests the board of revenue with a discretion as to the amount of clerical assistance and the number of deputies, except as to clerks and assistants in the office of the clerk of the circuit court, but leaves the selection and the right to remove to the officer under whom they serve.

[2] Section 4 restricts the amount to be paid any county officer by way of allowance or salary to the amount of fees, charges, and commissions earned and collected by such officers, less the cost of the conduct and operation of such office; provided that the board of revenue may pay the monthly salaries of the officials mentioned in this act in anticipation of fees actually earned for services rendered. This restriction necessarily applies to the allowance or salary of the officer himself as distinguished from the allowance or salary to the deputies or assistants. In the first place, this section provides that the allowance or salary to the officers shall not exceed the amount paid into the treasury during his term, less the cost of the conduct and operation of such office. The salary or compensation to the deputies is, of course, a part of the cost of the conduct and operation of the office, and must be included before the fees and commissions can be estimated in determining whether or not the officer has earned his salary. Second, the proviso applies only to the "officials mentioned in this act," that is, the "sheriff, the judge of probate, tax collector, the tax assessor, the clerk of the circuit court, the clerk of the criminal court, and register in chancery." It seems that the Legislature gave the board of revenue authority as to the assistants and deputies of all of the officers, except as to the assistants or deputies for the clerk of the circuit court, with authority to provide for their payment, assuming, of course, that the board of revenue would endeavor to keep the cost of same within the income from the

office in which they are employed, and the restriction in section 4 is directed against the officer and not his deputy. In other words, it was the legislative purpose to authorize the board of revenue to furnish assistants and deputies and to provide for their compensation, regardless of the income to the county from the respective offices, but to restrict the salary of the officer himself to the net proceeds of the office as received by the county, in no event to exceed the salary fixed by law. It appears to be the purpose of the act to authorize the board of revenue to provide for all needed assistance to the various officials and to pay them for their services, regardless of the receipts by the county from the respective offices, but to protect the county as far as possible by making the salary of the officer, under whom the said assistants and deputies serve, dependent upon the net income to the county from said office, thereby stimulating the head of the department to so conduct the office as to make it self sustaining.

[3] Section 6½ of the act of September 10, 1915, can have no application to this deputy. While section 7 provides for a sheriff's fund, "the sheriff's fund, by the Act of September 14, 1915, supra, goes into the general fund of the county." Yielding v. Ball, 205 Ala. 376, 87 South. 785. If, however, there was any doubt as to this, the same was removed by the act of September 3, 1919 (page 258). It is a well-settled principle of law that when a special fund, out of which claims are payable, is consolidated with the general fund, claims which were payable out of the special fund are thereafter payable out of the general or consolidated fund. Herrmann v. Mobile County, 202 Ala. 274, 80 South. 112.

In the case of Yielding v. Ball, supra, the opinion, in stating that the salary of the sheriff and tax collector could not exceed the amount of fees and commissions earned less the cost of operating and conducting the office, inadvertently said, "and his deputies" after the word "sheriff." This expression was not decisive of the case and was of no importance but was not warranted by the act of September 14, 1915, as the restriction in section 4 applies only to the county officers as mentioned in the act and not their deputies or assistants.

The board of revenue had the authority to issue the warrant in question, and, the respondent treasurer having refused to pay the same, the trial court did not err in awarding the mandamus, and its judgment is affirmed.

Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

McCLELLAN and MILLER, JJ., concur in conclusion only.

SAYRE, J., dissents.