## PLUNKETT v. STATE.   (6 Div. 29.)

(Court of Appeals of Alabama.   May 9, 1922. Rehearing Denied Nov. 14, 1922.)

1. Indictment and information ☞190—Indictment charging offense of manufacturing liquor will support conviction of attempt to manufacture liquors.

An indictment charging the offense of making or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic, will support conviction of an attempt to manufacture liquors.

2. Criminal law ☞823(15)—Instruction on degree of proof held not erroneous.

In prosecution for manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic, instruction to convict defendant if the jury believed "from all evidence beyond a reasonable doubt that the defendant is guilty of an attempt to make distilled prohibited liquors, although you may believe it is possible that he is not," etc., held not error in view of court's oral charge requiring the jury to be satisfied beyond a reasonable doubt that defendant "attempted to distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, a part of which was alcoholic."

3. Criminal law ☞811(3)—Instruction which singled out part of evidence held properly refused.

In prosecution for manufacturing liquors, instruction that "if the jury believe the evidence you cannot convict this defendant, unless you believe from the evidence beyond a reason-

able doubt that the defendant "stured" the mush or mash in the still pot, *held* properly refused. since it singled out a part of the evidence.

**4. Statutes ⬡━47—Statute authorizing circuit court of county to hold court at particular place held not unconstitutional for uncertainty.**

Loc. Acts 1919, p. 164, authorizing the circuit court of Winston county to hold terms at Hayleyville, in such county, *held* not unconstitutional as against contention that its coming into effect was dependent upon an uncertainty, in view of provision in section 15 that "that said act shall not become effective until the city of Hayleyville, Ala., or the citizens thereof, shall tender to said county suitable quarters for the holding of said branch court without cost to the county or state," in view of record showing that the uncertainty had been removed by recital that the court was held at Hayleyville. it will be presumed that nothing appearing to the contrary that the place provided for and in which the branch court was held was that provided for by the commissioner's court as required by section 13.

Appeal from Circuit Court, Winston County: T. L. Sowell, Judge.

James Plunkett was convicted of a violation of the prohibition law, and he appeals. Affirmed.

Charge 1, given for the state, reads:

"If you believe, gentlemen, from all the evidence beyond a reasonable doubt that the defendant is guilty of an attempt to make or distill prohibited liquors, although you may believe that it is possible that he is not, you must convict him."

Charge 4, refused to defendant, reads:

"If the jury believe the evidence you cannot convict this defendant unless you believe from the evidence beyond a reasonable doubt, that the defendant *stured* the mush or mash in the still pot."

Leith & Powell, of Jasper, for appellant.

The defendant was due the affirmative charge. 63 Ala. 66; 1 Ala. App. 102, 55 South. 321; 46 N. J. Law, 197; 8 Ala. App. 295, 62 South. 394. Local Acts 1919, p. 164, providing for the Haleyville division of the Winston circuit court, at which the defendant was tried, undertakes an unwarranted delegation of legislative power, and is void. 16 Ala. App. 397, 78 South. 313; 134 Ala. 392, 32 South. 687; Const. 1901, § 21; 142 Ala. 689. 38 South. 807.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 1, given for the state, was proper. 17 Ala. App. 526, 87 South. 628. Appellant cannot for the first time on appeal raise the objection that the local act was void, and that the trial court was without jurisdiction. 172 Ala. 469, 55 South. 242; 15 C. J. 874; 16 Ala. App. 341, 77 South. 935.

MERRITT, J. [1] Under an indictment which charged the offense of making or manfacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, the appellant was convicted of an attempt to commit such offense. The case of Mote v. State, 17 Ala. App. 526, 87 South. 628, is conclusive of the proposition that a conviction of an attempt to manufacture prohibited liquors will be sustained under an indictment charging the manufacture thereof.

[2] There was no error in giving written charge 1, requested by the state. It would be a sufficient answer to the criticism directed at this charge to say, that it must be considered in connection with the court's oral charge wherein the jury was instructed, "if the evidence shows to your satisfaction beyond a reasonable doubt that this defendant, since the 25th day of January, in Winston county, beat 3, attempted to do the things alleged in the indictment, that is that he attempted to distill, make, or manufacture alcoholic, spirituous, malt, or mixed liquors or beverages, a part of which was alcoholic, then gentlemen, it would be your duty to convict him for attempting to do it." But aside from this, the expression, "a part of which was alcoholic," refers only to the word "beverages," and does not refer to the words "spirituous, malt or mixed liquors."

[3] Written charge four was properly refused, as it singles out a part of the evidence. The question of the defendant's guilt vel non, in attempting to make prohibited liquor, was properly submitted to the jury, indeed under the evidence disclosed by the record, the question of the defendant's guilt vel non, of the manufacture of liquor, could have rightly been left to the jury.

[4] Under a local act approved September 22, 1919, Local Acts 1919, p. 164, provision is made for holding terms of the circuit court of Winston county at Haleyville in said county. Raising the question for the first time in this court, the appellant insists that this act is unconstitutional and void, in that its going into effect is dependent upon an uncertainty; that is, "that said act shall not become effective until the city of Haleyville, Ala., or the citizens thereof, shall tender to said county suitable quarters for the holding of said branch court without cost to the county or state." Section 15. Conceding, which is not decided, that this question can be raised in this court for the first time and that it is properly raised, a full and complete answer to such contention is that, so far as appears from the record in this case, all uncertainty has been dispelled, for in the organization of the court, as set out

in the record, it is stated "that the regular fall term of the circuit court for the Haleyville division of Winston county, Ala., begun and held at Haleyville in said county, * * * being the time and place fixed by law for holding said court." Indeed there is no contention on the part of the appellant but that "suitable quarters for the holding of said branch court," have been provided, nor that the court was not held in such quarters. Moreover, it is provided in section 13 of said act, that, "within 30 days after the passage of this act and its approval by the Governor, the court of county commissioners of Winston county, Ala., shall provide a suitable place for holding said court," and it appearing, as stated before, that the court was held at Haleyville at "the time and place fixed by law," it will be presumed, nothing appearing to the contrary, that the place provided for, and in which the branch court was held, was that provided for by the commissioners' court, as declared should be done by the act.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.