(94 South. 722)

## McCRELESS v. TENNESSEE VALLEY BANK. (6 Div. 711.)

(Supreme Court of Alabama. Nov. 2, 1922.)

1. Pleading ⚖=433(7)—Complaint, in action by depositor against bank, which was not demurred to, held to support judgment.

A complaint, averring "formal demand" of defendant by plaintiff for payment and refusal by defendant and that the amount was due and unpaid, not being demurred to, stated a substantial cause of action and was sufficient to support a judgment.

2. Constitutional law ⚖=56—Legislature had power to create separate division of circuit court of county.

The provision for a separate division of the circuit court of Winston county to be held at Haleyville, and embracing the territorial division of the county indicated, was within a due exercise of legislative power.

3. Appeal and error ⚖=662(2)—Where record does not disclose where suit was brought, recitals of organization of court will conclude question on appeal as to where suit was filed.

Where the record failed to disclose where the complaint, pleas, interrogatories, and answers were filed, and the recital of the organization of the court indicated that the trial was had at the regular spring term of the circuit court of Haleyville division of Winston county, the recital concludes the question on appeal that the suit was brought and proceeded to judgment in the Haleyville division of the circuit court of Winston county.

4. Statutes ⚖=215—Origin, contemporaneous history, and prior condition of law, and powers and course of legislation, considered in construction.

In the construction of statutes to ascertain the purpose thereof, when necessary, a court may consider the origin, the contemporaneous history, and the prior condition of the law, as well as the general powers and course of legislation.

5. Constitutional law ⚖=66—Power to suspend laws inherent in Legislature, but Legislature may provide that statute shall take effect conditionally.

The power to suspend laws has been held to be inherent in the Legislature only; yet the same authority may provide that a statute shall take effect upon the happening of a future event, and may authorize certain public officials to announce whether the event has happened, that puts the statute into operation.

6. Statutes ⚖=64(3)—Statute relating to establishment of circuit court at Haleyville held valid, notwithstanding conditions of taking effect.

Loc. Acts 1919, p. 164, relating to the establishment of a circuit court at Haleyville, Winston county, held not unconstitutional because of the provision of section 15, providing that the act shall not become effective until the city of Haleyville or the citizens thereof shall provide suitable quarters for the holding of the circuit court, the condition having been complied with, and the act having expressly provided that the unconstitutionality of any provision shall not affect any other provision.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Action by J. F. McCreless against the Tennessee Valley Bank to recover money deposited. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Thos. J. Carey, of Haleyville, for appellant.

The proviso added by amendment was of the substance of the act, and, not appearing in the notice as published, renders the act void. Const. § 106; 140 Ala. 502, 37 South. 321; (Ala.) 38 South. 1031; 144 Ala. 510, 39 South 224; 142 Ala. 245, 37 South. 937; 143 Ala. 561, 39 South. 357; 77 South. 930. Where two sections, clauses, or provisions of an act are in conflict, the last in point of arrangement must control. 78 South. 313; 197 Ala. 40; 72 South. 336, Ann. Cas. 1918D, 869. Where an act confers, expressly, impliedly, or incidentally, the power to suspend the effectiveness thereof, it is in violation of the Constitution. Const. §§ 21, 44; 142 Ala. 689, 38 South. 807; 134 Ala. 392, 32 South. 687; 38 South. 1038; (Ala.) 39 South. 648; (Ala.) 39 South. 720; 12 Ala. App. 375, 67 South. 740.

W. V. & C. E. Mayhall, of Haleyville, for appellee.

The act does not confer power to suspend laws in violation of the Constitution, and is valid. Const. § 21; Local Acts 1919, p. 164; 135 Ala. 161, 33 South. 689; 6 Am. & Eng. Ency. Law (2d Ed.) 1031; 42 Conn. 583, Fed. Cas. No. 8519; 104 Ill. 665. The notice published was sufficient. Const. § 106; House Journal 1919, vol. 1, pp. 999, 1000, 1001; vol. 2, p. 1678; 153 Ala. 668, 45 South. 290; 171 Ala. 52, 54 South. 1001; 72 South. 605; 199 Ala. 287, 74 South. 374.

THOMAS, J. The suit was by a depositor against a bank and resulted in a judgment for defendant. A jury was not demanded by either party.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The question of a due demand for payment by a depositor of money in a bank subject to his check was recently discussed in Ex parte First National Bank (First National Bank v. Williams) 206 Ala. 394, 90 South. 340. The complaint, averring "formal demand" of defendant by plaintiff for payment and refusal by defendant and that the amount was due and unpaid, not being demurred to, stated a substantial cause of action and was sufficient to support a judgment. Hall v. First Bank of Crossville, 196 Ala. 627, 72 South. 171.

The complaint filed March 6, 1920, was forthwith executed upon the defendant, which filed its answer on March 30th to the complaint and to interrogatories propounded to it under the statute (Code, § 4055; Russell v. Bush, 196 Ala. 309, 317, 71 South. 397), and judgment was rendered April 1, 1920. Appellant's assignments of error are rested upon the fact that at the time of the rendition of judgment the cause was not at issue.

In the act approved September 22, 1919, "to provide for establishing and holding circuit court at Haleyville, Winston county, Alabama; to fix the jurisdiction thereof, to regulate proceedings therein; · to provide officers and juries, both grand and petit, for holding said court and for the transaction of the business thereof, and to regulate their duties; to provide for a register and deputy register, or clerk, for the equity side of said court and to prescribe and regulate their duties" (Local Acts 1919, p. 164), provision is made for holding circuit court at Haleyville in said county. The terms of said court are required to "begin at a time set by the presiding judge of said circuit" and declared "open at all times for the transaction of any and all business, or judicial proceedings of every kind during the period fixed by law for such courts"—the circuit court of Winston county—the jurisdiction being declared to be over "all civil, criminal and chancery matters arising within the territory now embraced in precincts 2, 3, 10 and 11 in said Winston county, Alabama"; that all causes pending at the time of the passage of the act in the circuit court of Winston county, where the cause of action arose within the jurisdiction of said circuit court at Haleyville, shall be set down for trial at the first term of the circuit court at Haleyville; that the act shall become effective within 30 days after its passage and approval by the Governor, requiring that the county commissioners provide a suitable place for holding said court; and the necessary books, dockets, records, and stationery for the use of said court shall be purchased at the expense of the county. Section 15 of the act is as follows:

"That if any section, clause, or provision of this act shall be declared unconstitutional, it shall not be held to affect any other section, clause, or provision, but the same shall remain in full force and effect. Provided that said act shall not become effective until the city of Haleyville, Alabama, or the citizens thereof, shall tender to said county suitable quarters for the holding of said branch court without cost to the county or state. Provided further, that nothing in this act shall be so construed as to mean that a courthouse or building of any nature whatsoever shall be built by said court for the use of said court."

[2, 3] The provision for a separate division of the circuit court of Winston county to be held at Haleyville and embracing the territorial division of the county indicated was within a due exercise of legislative power. Ex parte State (Chambers v. State) 203 Ala. 699, 84 South. 925; Kuykendall v. State (Ala. App.) 87 South. 878;[1] Chambers v. State, 17 Ala. App. 178, 84 South. 638; Lang v. State (Ala. App.) 89 South. 164.[2] The record fails to disclose where the instant complaint and pleas and interrogatories propounded to defendant and answers thereto were filed—whether in the circuit court at Double Springs or in the Haleyville division of the circuit court. It merely appears that the same is marked filed by the clerk of the court and that process is executed by the sheriff of the county and by Deputy George M. Millican. The recital of the organization of the court indicates that the trial was had at "the regular spring term of the circuit court for the Haleyville division of Winston county, Ala., begun and held at the place of holding same in Haleyville, Ala., in said county on the fifth Monday in March, 1920, that being the 29th day of March, and being the time and place fixed by law for holding said court * * * present and presiding Hon. T. L. Sowell, judge of the Fourteenth judicial circuit," etc. Thus the record fails to disclose, as is insisted in argument of counsel, that the complaint was filed in the circuit court of Winston county at Double Springs. On the other hand, the foregoing recitals conclude the question for us that the suit was brought and proceeded to a judgment in the Haleyville division of the circuit court of Winston county, Ala.

Appellant's insistence · is that it was error to enter the cause for trial on the docket of the said division of the circuit court, for that the act providing for the establishment of that division of the circuit court was unconstitutional. The basis of this insistence is certain of the provisions contained in section 15 thereof, and by way of a proviso that said act shall not become effective until the city of Haleyville, Ala., or the citizens thereof, shall tender to said county suitable quarters for the holding of said branch court without cost to the county or state, added by way of amendment (House Journal 1919, vol. 1, pp. 991–1001; volume 2, p. 1678), which proviso, it is insisted, should have been stat-

[1] 17 Ala. App. 582.  [2] 18 Ala. App. 88.

ed in the notice published by the proposed enactment of such local law, and that this failure rendered the whole act void for want of sufficient notice stating the substance of the proposed law as passed and. adopted. Leonard v. Lyons, 204 Ala. 615, 87 South. 99: Wallace v. Board of Rev., 140 Ala. 491, 502, 37 South. 321; State ex rel. v. Speake, 144 Ala. 509. 39 South. 224; Hooton v. Mellon, 142 Ala. 245, 37 South. 937. Otherwise stated, appellant's insistence is that the proviso (in section 15) prevented the enactment from conforming substantially to the one advertised in compliance with the requirements of section 106 of the Constitution, that the proviso was of its substance and did not appear affirmatively from the journal that such amendment was included in the published notice; and that it is the duty of this court to declare the whole act void for want of 'sufficient compliance with said constitutional requirement. Norvell v. State ex rel., 143 Ala. 561, 39 South. 357, a quo warranto. The further insistence of unconstitutionality is made that in this proviso is carried the power to third parties (city of Haleyville or citizens thereof) to suspend the effectiveness of the act by the failure to tender to said county suitable quarters for the holding of said branch court without cost to the county, and by reason of this provision the act is in violation of sections 21 and 44 of the Constitution of 1901. Appellant further invokes the general provision of the law that where two sections, clauses, or provisions of an act are in conflict, the last expression of the legislative will must control; the proviso in question being the last in point of arrangement in the act. Williams v. Schwarz, 197 Ala. 40, 72 South. 330, Ann. Cas. 1918D, 869; Henry v. Wiggins (Ala. Sup.) 92 South. 108; [3] Hand v. Stapleton, 135 Ala. 156, 33 South. 689; Ex parte Thomas, 113 Ala. 1, 21 South. 369; Davis v. State ex rel., 16 Ala. App. 397, 78 South. 313.

[4] In construction of statutes to ascertain the purpose thereof, when necessary, a court may consider the origin, the contemporaneous history, and the prior condition of the law, as well as the general powers and course of legislation. State ex rel. v. Board of Rev., 201 Ala. 568, 78 South. 964; Henry v. Board of Rev., supra; 2 Lewis' Sutherland, St. Constr. (2d Ed.) § 471. When so construed, the purpose of the local law in question is evident to provide for the convenience of the citizens, and others having business with the courts, of the precincts named within the act for the county of Winston, a branch division of the circuit court of the county at Haleyville. To that end were the requirements of section 13 as we have indicated, enjoining the duty upon the county commissioners to provide a suitable place for holding the said court, etc. · The amendment merely declared, that the time at which the act became effective was when the city of Haleyville or the citizens thereof provided for "said county suitable quarters for the holding of said branch court without cost to the county or state." However, it should be noted that this provision is embraced in the section containing the express legislative will that if any section, clause, or provision of the act shall be declared unconstitutional, it shall not be held to affect any other section, clause, or provision, but that the integrity of the act shall be unimpaired. This is likewise a last declaration of the legislative will accompanying the amendment challenged. We are of opinion that the local act in question was not offensive to any provision of the Constitution. This is in consonance with the rule announced as to amendments adopted to local laws, as affecting the provisions of section 106 of the Constitution, that—

"A narrow and literal construction would destroy all power of amendment in the legislative process, so that the Legislature would be required to accept, if at all, every local bill in the exact terms of its proposal. Not being inclined to hamper legislation unnecessarily, this court has held that the Constitution was not intended to interfere with the right of the legislature to shape up and work out the details of local legislation. Ensley v. Cohn, 149 Ala. 316, 42 South. 827; State v. Williams, 143 Ala. 501, 39 South. 276; State, ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 South. 135." McGehee v. State, 199 Ala. 287, 290, 74 South. 374, 375; Herrmann v. Mobile County, 202 Ala. 274, 80 South. 112; and also with Reynolds v. Collier, 204 Ala. 38, 85 South. 465.

[5, 6] The power to suspend laws has been held to be inherent in the Legislature only; yet the same authority may provide that a statute shall take effect upon the happening of a future event, and may authorize certain public officials to announce whether the event has happened that puts into operation· the statute. Such was the effect of the provision of the statute discussed in Hand v. Stapleton, 135 Ala. 156, 33 South. 689, and of the proviso to section 15 of the statute under consideration. It did not give to the town of Haleyville the right to suspend laws; but the Legislature merely exercised the right reserved to itself to declare that the law should become effective when the municipality, or its citizens in lieu thereof, had tendered to the county suitable quarters for holding the branch court:·

The authorities cited by appellant's counsel are not apt. For example, Mitchell v. State ex rel., 134 Ala. 392, 32 South. 687, was declared offensive to organic law in attempting to delegate to certain named individuals the right to put into effect and to suspend the effect of the enacted law; also

---

[3] 207 Ala. 251.

of Town of Elba v. Rhodes, 142 Ala. 689, 38 South. 807. Such is not the case here. If the provision as to the citizens of Haleyville, etc., furnishing "suitable quarters" be stricken, the act is impaired. Moreover, "suitable quarters" having been provided for the purpose of the holding of the court at such point, the provision of the act in question fixing that time when the act became of force was eliminated by that fact, and the provisions indicated will not be "held to affect any other section, clause or provision of the act." The act was free from constitutional objections.

The cause being at issue, the judgment therein rendered was not laid in error; and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.