## WHITMAN v. STATE. (6 Div. 307.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

**1. Indictment and information ⬅110(31)—Charging manufacture of liquor substantially after statute held sufficient.**

An indictment charging that accused did "distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law" substantially conformed to Gen. Acts 1919, p. 16, § 15, defining the offense, and was therefore sufficient under Code 1907, § 7136.

**2. Indictment and information ⬅87(3)—Date of violation of prohibition law need not be averred in indictment, if showing before filing indictment.**

Under Code 1907, § 7139, in order to charge violation of prohibition law (Gen. Acts 1919, p. 16, § 15), it was unnecessary to allege the date of the commission of the offense, it being sufficient to aver that it was committed before the filing of the indictment.

**3. Witnesses ⬅344(1)—Objections to questions as to war record of state's witness held properly sustained.**

In a prosecution for violating the prohibition law, objections to the questions on cross-examination of state's witness: "Where were you while the army was fighting?" "Were you court-martialed by the United States government?" were properly sustained as irrelevant and immaterial.

**4. Witnesses ⬅345(1)—Permissible to ask if state's witness served term in penitentiary.**

In prosecution for violating prohibition law it is permissible cross-examination to ask witness if he ever served a term in the penitentiary.

**5. Criminal law ⬅695(6), 1170(4)—Combination of relevant and irrelevant matter in question rendered whole objectionable; exclusion of evidence cured by subsequent admission.**

The combination of relevant and irrelevant matter in the same question makes the whole objectionable, but if it was error to exclude the relevant part it was cured by the subsequent questions and answer.

**6. Criminal law ⬅995(2)—Minute entry showing judgment and sentence held sufficient.**

Where the minute entry of the court showed judgment of conviction and sentence, it was sufficient.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Levi Whitman was convicted of manufacturing prohibited liquors, and appeals. Affirmed.

Count 2 of the indictment is as follows:

"The grand jury of said county further charge that before the finding of this indictment Levi Whitman, whose name is to the grand jury otherwise unknown, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law; against the peace and dignity of the state of Alabama."

The judgment entry recites that:

"Thereupon came a jury of good and lawful men, to wit, Willie Doss and eleven others, who being impaneled and sworn according to law, and after hearing all the evidence in this case and considering the same upon their oaths, do say, 'We the jury find the defendant guilty as charged in count 2 of the indictment.' The same being considered by the court it is ordered and adjudged by the court that the defendant is guilty as charged in count 2 of the indictment.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"And now on this, the 5th day of April, 1923, the defendant being in open court and being asked by the court if he had anything to say why the sentence of the law should not be pronounced upon him says nothing. It is therefore considered by the court and it is the judgment and sentence of the court that said defendant Levi Whitman be imprisoned in the penitentiary of the state of Alabama for an indeterminate term of not less than one year and fifteen days and not more than fifteen months."

Mayhall & Mayhall, of Haleyville, for appellant.

The local act establishing the Haleyville division of the circuit court is unconstitutional and void. Loc. Acts 1919, p. 164; Davis v. State ex rel., 16 Ala. App. 397, 78 South. 313; Mitchell v. State, 134 Ala. 392, 32 South. 687. Defendant should have been allowed to ask the state's witness Crumpton whether he had ever been court-martialed or served a term in the penitentiary. Code 1907, §§ 4008, 4009; Smith v. State, 154 Ala. 31, 45 South. 626; Castleberry v. State, 135 Ala. 24, 33 South. 431; Fondren v. State, 204 Ala. 451, 86 South. 71.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The local act of 1919 has been declared valid. Plunkett v. State, ante, p. 40, 94 South. 258; McCreless v. Tenn Valley Bank, 208 Ala. 414, 94 South. 722. The second count of the indictment is in substantial comformity to the statute. Acts 1919, p. 16; Code 1907, §§ 7132, 7133, 7135, 7136, 7138. The objection to the question to the witness Crumpton was properly sustained. Moulton v. State, 88 Ala. 119, 6 South. 758, 6 L. R. A. 301.

FOSTER, J. The appellant was indicted for a violation of the prohibition laws. The first count charged the possession of a still; the second count charged the manufacture of prohibited liquors. Demurrer was sustained to the first count and overruled to the second count.

[1] The second count substantially conforms to the statute defining the offense. Acts 1919, p. 16, § 15.

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning." Section 7136, Code 1907.

[2] It is not necessary to state the precise time at which the offense was committed; it may be alleged to have been committed before the finding of the indictment unless time is a material ingredient of the offense. Section 7139, Code 1907.

The act of the Legislature making the manufacture of prohibited liquors a felony was approved January 25, 1919, and section 21 of the act provides that it shall take effect from and after its passage and enactment into law. Acts 1919, pp. 16, 17, §§ 15 and 21.

The indictment was returned on April 7, 1922.

The time covered by an indictment for manufacturing prohibited liquors is three years, and as more than three years had elapsed since the passage of the act of 1919, supra, and before the finding of the indictment, time was no longer an ingredient of the offense, and it was sufficient to use the general averment, "before the finding of the indictment." Bruce v. State, ante, p. 368, 97 South. 373.

The demurrer to the second count of the indictment was properly overruled.

It is not necessary here to discuss the grounds of attack made by counsel for defendant upon the constitutionality of the act establishing the Haleyville division of the circuit court of Winston court (Local Acts 1919, p. 164), as both the Supreme Court and the Court of Appeals have ruled the law constitutional and valid. Plunkett v. State (Ala. App.) 94 South. 258; [1] McCreless v. Tenn. Valley Bank, 208 Ala. 414, 94 South. 722.

[3] The following questions were propounded to state's witness Crumpton on cross-examination: "Where were you while the army was fighting?" "Were you court-martialed by the United States government?" Objection by the state was sustained to each of the questions. Each of the above questions sought to elicit evidence which was irrelevant and immaterial to any issue in the case, and the court did not err in sustaining the state's objection thereto.

[4, 5] The court sustained objection of the state to the question asked state's witness Crumpton on cross-examination, "You never have been court-martialed; you never have served a term in the penitentiary?" The question must be taken as a whole. The answer to the question, "You never have been court-martialed," was irrelevant and immaterial to any issue involved.

It is permissible to ask a witness if he ever served a term in the penitentiary. Fondren v. State, 204 Ala. 451, 86 South. 71; Moore v. State, 12 Ala. App. 243, 67 South. 789. But the combination of relevant and irrelevant matter in the same question renders the whole objectionable. But error, if any, in not permitting the latter part of the question, was cured by the subsequent question and answer, "Have you ever been convicted of a felony or a crime," and the answer, "No, sir."

[6] The minute entry shows a judgment of conviction and sentence by the court, and was sufficient. Ex parte Hardeman v. State, 202 Ala. 694, 81 South. 656; Wilkinson v. State, 106 Ala. 23, 17 South. 458; Driggers v. State, 123 Ala. 46, 26 South. 512; Ex

---

[1] Ante, p. 40.

parte Rodgers, 12 Ala. App. 218, 67 South. 710.

The court did not err in refusing the motion for a new trial.

There is no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.