## McDOWELL v. STATE. (6 Div. 186.)

(Court of Appeals of Alabama. Jan. 15, 1924.)

1. Indictment and information ⊂⇒190—Defendant charged with manufacture may be convicted of an attempt.

A defendant may be convicted of an attempt to manufacture liquor under an indictment charging the manufacture thereof.

2. Criminal law ⊂⇒44—Elements of an "attempt" to commit a crime stated.

' To constitute an attempt to commit a crime there must be an overt act on the part of the defendant with the intent to commit the crime, which would proximately contribute to its consummation but for an intervening cause, and to constitute such proximate cause there must be not only causal connection between the act complained of and the consummated crime, but the connection must be by a natural and unbroken sequence without intervening efficient causes, so that but for the interference of the officers the crime would have been consummated.

[Ed. Note.—For other definitions, see Words and Phrases, First and ' Second Series, Attempt.]

3. Intoxicating liquors ⊂⇒236(19)—Evidence held insufficient to prove attempt to manufacture whisky.

Evidence that a barrel of "slop" from which whisky might have been manufactured was found on defendant's premises held insufficient to prove an attempt to manufacture whisky.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Zellie McDowell was convicted of attempting to manufacture prohibited liquor, and appeals. Reversed and remanded.

E. W. Scott and Joel B. Brown, both of Cullman, for appellant.

The state did not discharge its burden of proving the defendant guilty beyond all reasonable doubt, and the affirmative charge for defendant should have been given. Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Hammons v. State, 18 Ala. App. 470, 92 South. 914.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The defendant was indicted under two counts. Count 1 charged that the defendant manufactured whisky; count 2, unlawful possession of a still, etc. When the evidence was all in, the court charged the jury that there was not sufficient evidence to warrant a conviction, either for manufacturing whisky or for possessing a still, but that under certain phases of the evidence, if they were convinced beyond a reasonable doubt, the defendant might, under the first count of the indictment, be convicted of an attempt to manufacture whisky. In Mote v. State, 17 Ala. App. 526, 87 South. 628, it was held that the charge of manufacturing whisky embraced the lesser offense of an attempt to commit the crime. Such is the law of this state since the decision in Corkran v. State, 203 Ala. 513, 84 South. 743. But, to sustain a conviction for the attempt, there

[1] 210 Ala. 505.

must ·be evidence sufficient to prove every material element of that charge.

[2, 3] There are many decisions undertaking to define an attempt to commit crime, none of which are entirely satisfactory as that it may be said, "This is the true rule." In recognition of this uncertainty the text-writer in 8 R. C. L. p. 276, says:

"No general rule has been or can be laid down which may be applied as a test in all cases."

In this state, says Coleman, J., in Jackson v. State, 91 Ala. 55, 8 South. 773, 24 Am. St. Rep. 860:

"The word 'attempt' is among the adjudged words, and * * * has a defined legal meaning. 'An attempt implies more than an intention formed. It means to make an effort, or endeavor, or an attack.' Gray v. State, 63 Ala. 73. An 'attempt'·implies an intent, and an actual effort to consummate the intent or purpose; 'to try.' 58 Ala. 612; Prince v. State, 35 Ala. 367; Lewis v. State, Id. 381.".

Going to other jurisdictions, the rule is declared to be that:

"Mere acts of preparation, not proximately leading to the consummation of the intended crime, will not suffice to establish an attempt to commit it." Groves v. State, 116 Ga. 516, 42 S. E. 755. 59 L. R. A. 598; State v. Taylor, 47 Or. 455. 84 Pac. 82, 4 L. R. A. (N. S.) 417, 8 Ann. Cas. 627. "The act must reach far enough towards the accomplishment of the direct result to amount to the commencement of the consummation. It must not be merely preparatory." 8 R. C. L. p. 279, P. 297.

There must be an overt act, on the part of defendant with the intent to commit the crime, which would proximately contribute to its consummation, but for an intervening cause. To constitute proximate cause there must be not only causal connection between the act complained of and the consummated crime, but the connection must be by a natural and unbroken sequence, without intervening efficient causes, so that but for the interference of the officers the crime would have been consummated. 22 R. C. L. p. 113. P. 3. In this case the barrel of "slop" found in defendant's smokehouse might or might not have been a preparation to manufacture whisky, but without the aid of an efficient intervening cause, could never have resulted in the manufactured product. Moreover, the mere fact that the barrel of "slop" from which whisky might have been manufactured was found in the smokehouse where defendant lived with his family falls short of proof of an overt act in the manufacture of whisky.

The charge of an attempt to manufacture whisky was not sustained, and the defendant was entitled to an acquittal on that charge.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.