182 So. 478

**CURRIER v. STATE.**

**8 Div. 707.**

Court of Appeals of Alabama.
June 30, 1938.

J. A. Lusk & Son, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense denounced by Code 1928, Sec. 1397 (145)—obstructing public road.

We do not find that the record discloses any ruling on appellant's motion to quash the indictment—hence there is nothing for us to consider in that regard. Holt v. State, 26 Ala.App. 233, 157 So. 449. We might observe, however, that where, as here, it appears that "witnesses appeared before the grand jury, all of whom were duly sworn, and gave evidence in this particular investigation which resulted in the finding [of the indictment]," no inquiry "into the sufficiency of the evidence upon which the indictment was returned may be indulged on a motion to quash the indictment." Lee v. State, 25 Ala.App. 488, 150 So. 167, 168.

The cause was tried before the court, sitting without a jury. We find no fault with the judgment entry. The same shows an adjudication of guilt by the court; and a sentence of defendant (appellant). That seems to be all that is required. Whitman v. State, 19 Ala.App. 526, 98 So. 695.

There seems no dispute but that appellant obstructed—as that term is described in the Code Section cited above—the road which was involved.

The only real question in the case was as to whether or not the said road was a "public one."

If indeed the proceeding by which the Commissioner's Court of Marshall County undertook in 1912 to establish the road as a public road was abortive, or ineffective, for the reasons argued here by appellant's able counsel, said proceeding did, surely, as we read the record, serve to identify the road which was continuously, and without interruption, used by the public, from that date to the date of its obstruction by appellant, as a public road.

The evidence showing, as it does, that the road in question was used by the public for more than twenty years; that it was recognized by the county authorities as a public road; and that same was worked as a public road; and nothing appearing to indicate that such use of the road was in any sense permissive by the adjacent landowners; it will be presumed that it is a public road. Central of Georgia Ry. Co. v. Faulkner, 217 Ala. 82, 114 So. 686.

So we are of the opinion the judgment appealed from should be affirmed.

And it is so ordered.

Affirmed.