131 So.2d 426

James **BENTLEY** and Sylvia Bentley

v.

**STATE.**

8 Div. 687.

Court of Appeals of Alabama.

March 14, 1961.

Rehearing Denied April 25, 1961.

H. Neil Taylor, Russellville, for appellants.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The defendants were indicted separately for the offense of the illegal possession of a still. By agreement the cases were consolidated and tried jointly, resulting in a verdict of guilty, as to each defendant, for the offense of "an attempt to commit the offense charged in the indictment."

The evidence for the state tended to show that the Sheriff of Franklin County and his deputies raided a still about half a quarter of a mile from the home of defendants. the still was in full operation and two men, one of whom was defendants' son-in-law, were arrested at the still. It was not shown that the still was on defendant's land and we fail to find any evidence in the record tending to connect either of the defendants with the still, however, such evidence was admitted without objection and there is nothing for us to review in this connection.

The raiding party then made a search of the Bentley premises. They found behind the smokehouse a new galvanized metal tank, some four feet tall, five and a half feet in diameter, with wooden bottom and head, containing a little water. They also found a "full burner, one barrel pump, some chips they call 'charter' chips, lots of half gallon fruit jars and three hundred pounds of sugar." The officers testified the articles found were commonly or generally used, or suitable to be used, in the manufacture of prohibited liquors. Section 132, Title 29, Code 1940.

The evidence for the defendants tended to show the tank had been purchased a day or so previously, for use as a water tank for the family.

It has been held that an indictment charging the offense of manufacturing prohibited liquors, will support a conviction of an attempt to manufacture such prohibited liquors, where the evidence fails to make out the charge in the higher degree, but is sufficient to make out the lesser offense. Milner v. State, 18 Ala.App. 157, 89 So. 306; Plunkett v. State, 19 Ala.App. 40, 94 So. 258; McDowell v. State, 19 Ala.App. 532, 98 So. 701; Rogers v. State, 22 Ala. App. 410, 117 So. 409; Barnes et al. v. State, 24 Ala.App. 238, 133 So. 746.

In Stanley v. State, 20 Ala.App. 387, 102 So. 245, 246, the court said:

"Possession as contemplated in the statute, making it a crime to possess a still, etc., contemplates ownership, interest in, and control over the apparatus. This, of course, need not be a sole interest, but may be joint or several." See also Moody v. State, 20 Ala.App. 572, 104 So. 142; Washington v. State, 21 Ala.App. 239, 107 So. 34.

It is our opinion there is no such offense within the purview of our prohibition laws as an attempt to possess a still. See Clements v. State, 39 Ala.App. 386, 101 So.2d 640. At any rate, there was no evidence tending to make out a case against either of the defendants for attempting to possess a still.

" * * * when the evidence establishes without question that the charged offense is complete and consummated or that no crime has been committed, the jury is not warranted in returning a verdict of guilty of the lesser offense of an attempt." Miller v. State, 37 Ala.App. 470, 70 So.2d 811, 813.

The trial court committed reversible error in overruling the motion for a new trial, on the grounds that the verdict was contrary to the evidence and that the evidence was insufficient to sustain the verdict.

Reversed and remanded.