## THE STATE v. MARSHALL.

1. An allegation in an indictment, that an assault was made with an *attempt* to kill and murder, is not sufficient to authorize a conviction, as an *attempt* to murder, is not equivalent to an *intent* to murder.
2. Notwithstanding the statute in which the offence is described is printed *attempt*, instead of *intent*, yet as the true language of the act, as shown by the original enrolled bill, is an assault with "intent" to murder, that must be considered as the true meaning of the printed statute.

Novel and difficult questions from the Circuit Court of Sumter.    Before the Hon. Geo. Goldthwaite.

THE defendant was indicted for an assault with attempt to murder with a pistol.    The indictment contains two counts, in both of which it is charged that he assaulted the prosecutor, with an *attempt*, him, &c. to kill and murder.

After conviction, the prisoner moved in arrest of judgment for the insufficiency of the indictment.    The court refused to arrest the judgment, but reserved the question for the revision of this court as novel and difficult.

HUNTINGTON, for prisoner.

1. To charge one with an attempt to murder, is the mere charge of a legal result. Bouvier's Law Dic. tit. Attempt; State v. Absence, 4 Por. 397; Moore v. The Commonwealth, 6 Met. 243. The State v. Hinton, contra, 6 Ala. 864, is not founded on authority, and not supported by the authorities cited for the State. As to the degree of certainty required in indictments, see further Comm. v. Strain, 10 Met. 521 ; Same v. Wyman, 8 Met. 247; Moore v. Commonwealth, 6 Met. 243 ; People v. Gates, 13 Wend. 311; Lambert v. The People, 9 Cow. 578; Regina v. Baker, 47 Eng. Com. Law Rep. 254. As to the necessity of proving and alledging evil intent—1 Ch. Cr. L. 233. "Attempt," when the statute uses "intent," will not do. State v. Martin, 3 Dev. 329.

2. But this indictment does not follow the statute, for "an attempt," in the statute, is a misprint. *Intent* is the word in the enrolled copy of the act. If terms of art are used, they are to be taken in their technical sense. Ib. Intent and attempt are both technical words; as to "intent," see the references to Chitty in the first brief, and as to "attempt," see the title in 1 Bouvier, and the decision by Judge Ruffin in 3 Devereux. Judges are bound to take the act of parliament as the legislature have made it. Dwarris, 711. An act of parliament cannot be repealed by *non user*. Dwarris, 672. Even those writers who hold that a statute may lose its force through desuetude, fix the period at 60, and in some instances 100 years. Ib. To bring a case within the statute, it should be not only within the mischief contemplated by the legislature, but also within the plain intelligible import of the words of the act. Dwarris, 711.

3. But all the authorities show that it is sufficient to use the words of a statute, in an indictment, only where the indictment is founded on a statute creating the offence. An attempt to commit a felony is a misdemeanor at common law; therefore an indictment ought to show (according to the bill of rights) not only the nature, but the cause of the accusation. In The State v. Clarissa, 11 Ala. 57, this court decided that where an attempt was charged, the indictment

ought to show that it was characterized by means calculated to accomplish it.

4. I take issue upon the point that the statute in question has by universal or even general usage obtained the construction here sought for; and also say that the general practice has not been otherwise than in the indictment as drawn in The State v. Bullock, at last term. There need be no apprehension, therefore, of a general jail delivery. Equitable constructions, though they may be tolerated in remedial, and perhaps some other statutes, should always be resorted to with great caution, and never extend to penal statutes. Monson v. Chester, 22 Pick. 385, 387; Melody v. Read, 4 Mass. 471, 473. The language of a statute is not to be enlarged or limited by construction, unless its object and plain meaning require it. Doane v. Phillips, 12 Pick. 223, 226. Mere failure of justice is not a ground for construing statutes against their clear meaning. Pitman v. Flint, 10 Pick. 504, 506. If a statute creating, or increasing a penalty, be capable of two constructions, that construction which operates in favor of life or liberty is to be adopted. Comm. v. Martin, 17 Mass. 359, 362; Same v. Keniston, 5 Pick. 420.

ATTORNEY GENERAL, contra.

Some defects in an indictment may be cured by implication; and we gather from this case that too great nicety ought not to be required in indictments. State v. Sam, 1 Murphy's Rep. 452.

A defect is helped by the apparent sense of the whole. 2 Hawk. ch. 23, § 89.

The law will not suffer a criminal to escape on so trifling an exception as would be ridiculous to take notice of. 2 Hawk. ch. 25, § 61.

DARGAN, J.—The first count of the indictment charges, that the defendant, with a certain pistol, which he the said John S. Marshall then and there had and held, feloniously, wilfully, and of his malice aforethought, did make an assault, with an *attempt* him the said William L. Fluker, wilfully, and of his malice aforethought, to kill and murder.

The second count charges, that the defendant, with a cer-

The State v. Marshall.

tain pistol, loaded and charged with gunpowder, and one leaden bullet, which he in his right hand then and there had and held, in and upon one William L. Fluker, in the peace of God, and said state being, feloniously, wilfully, and of his malice aforethought, did make an assault, with an *attempt* him the said William L. Fluker, with the pistol aforesaid, feloniously, wilfully, and of his malice aforethought, to kill and murder.

Two objections are raised to each of the counts. The first is, that the special facts constituting the assault, or showing in what manner it was made, should have been alledged, and that the allegations, that the assault was made with a pistol loaded with gunpowder, and one leaden bullet, does not sufficiently describe the manner in which the assault was made. The second objection is, that the allegation of an assault with an *attempt* to murder, is insufficient, the language of the statute being, an assault with the *intent* to murder.

We will examine the second objection first. At the last term of this court, in the case of Bullock v. The State, the indictment, alledged the assault with the intent to murder, and it was objected, that the words of the statute were, an assault with *an attempt*. It was so printed in the pamphlet laws of 1840, and also in Clay's Dig. 416. Under the impression that this was the language of the statute, we held that the words, with the intent, characterized the criminality of the acts alledged, which constituted the assault, and taken in connection together, were equivalent to an assault with *an attempt*. We have examined the enrolled bill, and find that the words of the statute are, "Every person who shall be guilty, and be thereof convicted, of an assult with *intent*," &c. and that there has been a misprint; hence the question is, are the words *with an attempt, equivalent* to the words *with intent?* This precise question arose in the case of The State v. Martin, 3 Dev. 329. The defendant was indicted for an assault with an attempt to commit a rape. The language of the statute in that State is *with intent;* and it was held that the indictment was insufficient. It must be admitted by all, that there is a marked distinction between the words *attempt, and intent.* The former conveys the idea of a physical effort to do, or accomplish an act—the latter, the

quality of the mind with which an act was done. It is not descriptive of the physical act, but describes the will that induced, or governed the act. It cannot then, be said, that the words, with an attempt, are equivalent to the words, *with intent;* and the rule of pleading is, that when other words are used, than the words of the statute, they must be of equivalent import. 3 Halst. Rep. 299; 8 Bac. Ab. 88; The State v. Bullock, 13 Ala. Rep. 413. At all events, every thing necesssary to constitute the offence must be averred, and when the intention with which an act is done, is an ingredient of the crime, that intention must be alledged, and a word that conveys the idea of a physical effort to do the act, instead of the intent with which the act was done, is insufficient.

But it is contended, that the act of the legislature, by which Clay's Digest of the laws was received, taken in connection with the practice of framing indictments under this act, as it is found printed, and the general impression existing with the bench and the bar, that the word used in the statute was *attempt,* instead of *intent,* must be considered as a construction of the word intent, which the court should consider obligatory.

The act receiving Clay's Digest, did not alter or repeal any law, and we cannot hold that the misapprehension of the language of a statute, affecting the liberty of the citizen, existing for a few years, can alter the statute, or give a construction to the words used in it, in direct opposition to their meaning.

As our opinion on this branch of this case, must reverse the judgment, it is unnecessary to decide the other question raised by the first objection to the sufficiency of the indictment. It is therefore ordered that the judgment of the circuit court be reversed, and the cause remanded, and that the prisoner remain in custody, until he be discharged by due course of law.