(89 South. 306)

## MILNER v. STATE.   (5 Div. 357.)

(Court of Appeals of Alabama.   May 17, 1921.)

1. Indictment and information ⬄190 — Conviction for attempting sustained under indictment for manufacturing.

The offense of attempting to manufacture prohibited liquors is embraced in the greater crime of manufacturing such liquors, and a conviction of attempting to manufacture prohibited liquors may be had under an indictment for manufacturing intoxicating liquors, where the evidence fails to make out the charge in the higher degree, but is sufficient to make out the lesser offense.

2. Criminal law ⬄44 — What constitutes attempt to commit crime.

To constitute the offense of attempt to commit a crime there must be something more than a mere intention or preparation; there must be some act moving directly toward the commission of the offense after the preparation is made and within the time laid in the indictment.

3. Intoxicating liquors ⬄236(19) — Evidence insufficient to sustain conviction of attempt to manufacture.

In a prosecution for manufacturing prohibited liquor, evidence *held* insufficient to sustain a conviction of attempting to manufacture prohibited liquors.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Lon Milner was convicted of an attempt to manufacture prohibited liquors, and he appeals.   Reversed and remanded.

James W. Strother, of Dadeville, for appellant.

No attempt was shown.   14 Ala. 411; 99 Me. 329, 59 Atl. 440; 3 Okl. Cr. 168, 104 Pac. 1073; 1 Ala. App. 106, 55 South. 321; 158 N. C. 627, 74 S. E. 356.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.   [1] The lesser offense being embraced in a greater crime of the same nature and character, on the trial of a defendant charged with manufacturing spirituous, vinous, or malt liquors since the 25th day of January, 1919, the evidence failing to make out the charge in the highest degree, the defendant may be convicted under the indictment for the lesser offense of attempting to manufacture the prohibited liquors since January 25, 1919, provided the evidence is sufficient to make out the state's case beyond a reasonable doubt.

[2, 3] To constitute the offense of an attempt to commit a crime there must be something more than a mere intention or preparation; there must be some act moving directly toward the commission of the offense after the preparation is made and within the time laid in the indictment.   State v. Doren, 99 Me. 329, 59 Atl. 440, 105 Am. St. Rep. 278; State v. Marshall, 14 Ala. 414; Johnson v. State, 1 Ala. App. 106, 55 South. 32.   In this case there was ample evidence tending to establish the fact that the defendant had actually made or attempted to make the liquor named in the indictment.   The distilling outfit found in his possession, the furnaces in close proximity, the smoke on the cans used in distilling, the barrels in which was mash or beer from which whisky is made, the hiding of this beer under the fodder in defendant's crib, besides other facts not necessary here to mention, all indicate acts moving directly towards the commission of the offense charged.   But was it within the time laid in the indictment?   The still had

been used, but when? How recent had been the fire in the furnaces? How fresh was the smoke stain on the can? The law creating the crime was approved January 25, 1919. The apparatus was found shortly after that time, some evidence indicating in February, 1919. The law presumes the innocence of the defendant and that he did not attempt to make or manufacture the prohibited liquor after the enactment of the statute. There is nothing in the evidence that would justify the jury in fixing the time of the act charged beyond a reasonable doubt. The court very properly gave the defendant the affirmative charge as to the greater offense charged, but committed error in not giving the general charge, as requested, as to the entire charge embraced in the indictment.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.