**WHETSTONE v. STATE.** (3 Div. 438.)

(Court of Appeals of Alabama. May 29, 1923. Rehearing Denied June 26, 1923.)

1. Intoxicating liquors ⬤⟿236(19)—Manufacture may be shown by circumstantial evidence.

The offense of manufacturing intoxicating liquor may be established by circumstantial evidence.

2. Criminal law ⬤⟿734, 741(1)—Relevancy and competency of evidence for court; probative force for jury.

Relevancy and competency of evidence is for the court, but its probative value is for the jury.

3. Criminal law ⬤⟿339—Smell of article admissible to show identity.

Testimony of the smell of an article is admissible as affecting its identity.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

James Whetstone was convicted of manufacturing prohibited liquor, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Whetstone, 210 Ala. 463, 98 South. 216.

T. E. Martin, of Montgomery, for appellant.

The affirmative charge, requested by defendant, should have been given. Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Milner v. State, 18 Ala. App. 157, 89 South. 306; Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Morris v. State, 18 Ala. App. 435, 92 South. 910; Wadsworth v. State, 18 Ala. App. 352, 92 South. 245; Morris v. State, 18 Ala. App. 456, 93 South. 61; Reeves v. State, ante, p. 72, 95 South. 203; Gamble v. State, ante, p 82, 95 South. 202. Defendant's objections to questions addressed to witnesses as to smell should have been sustained. Spelce v. State, 17 Ala. App. 401, 85 South. 835.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The offense of manufacturing prohibited liquors, like every other crime known to the law, may be established by circumstantial evidence, and where the circumstances proven point to the defendant as the guilty agent with such convincing power as to convince the jury of the defendant's guilt beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis, they are authorized to so find.

[2] The court admits the evidence when relevant and competent, but its probative force is for the jury. Cannon v. State, 17 Ala. App. 82, 81 South. 860. The cases of Mitchell v. State, 18 Ala. App. 119, 89 South. 98, and Milner v. State, 18 Ala. App. 157, 89 South. 306, were based upon a very different statement of fact. The other cases cited by appellant are not in point.

The facts in the instant case were such as, if believed by the jury, would justify them in finding that whisky had been manufactured, at the place designated, that it was within the time named in the indictment, and that the defendant was the guilty agent.

[3] Smell is one of the five senses of man, by and through which information is conveyed to the mind. It is one of the sources by which men know things. Whenever an article has an odor all its own and the witness knows the odor, if the identity is material, the witness may testify to the "smell." The holding in Spelce's Case, 17 Ala. App. 401, 85 South. 835, is not in conflict with the foregoing. In the Spelce Case, supra, it was merely held that the evidence did not warrant a conviction.

The rulings of the court on the admissibility of evidence, while not argued in brief, have been examined by us, and are found to be free from reversible error.

We find no error in the record, and the judgment is affirmed.

Affirmed.