(106 So. 390)

## MATHEWS v. STATE. (4 Div. 187.)

(Court of Appeals of Alabama. Nov. 24, 1925.)

1. **Criminal law ⬅1044—Motion to set aside verdict necessary to review sufficiency of evidence.**

Whether verdict is supported by sufficient evidence is not presented for review, where no motion to set aside verdict was made.

2. **Criminal law ⬅459—It is error to permit unqualified witness to testify as to whether contents of receptacle smelled of intoxicating liquor.**

It is error to permit a witness to testify as to whether the contents of a receptacle smelled of intoxicating liquor, where witness is not qualified as to the sense of smell.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Ewell Mathews was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellant.

Counsel argue for error in rulings on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

A witness may properly testify that liquid smells like whisky. Hogg v. State, 18 Ala. App. 179, 89 So. 859; Love v. State, 19 Ala. App. 293, 97 So. 126.

RICE, J. [1] Appellant was convicted of the offense of violating the prohibition laws by having certain liquor in his possession. It would be of no value to discuss the evidence. It was largely, if not entirely, of a circumstantial nature. The question of whether or not it was sufficient to support the verdict returned is not presented, inasmuch as no motion to set aside the verdict was made. There was no error in refusing to give the requested general affirmative charge in appellant's favor.

[2] This court, speaking through Associate Judge Samford, has recently said:

"However, we are of the opinion that the court erred in permitting the deputy sheriff to testify as to the smell of the tub. * * * In the instant case the witness did not qualify as a 'smeller,' i. e., he is not shown to have known the smell of beer, or, if beer, what kind of beer. * * * The sense of smell is a perfectly legitimate manner of obtaining information from which to testify, but such testimony must be carefully safeguarded by legal rules." Anderson et al. v. State, 20 Ala. App. 505, 103 So. 305.

A number of rulings of the trial court, in this case, were not in accord with the above, and were erroneous, and for these errors the judgment will be reversed and the cause remanded. Other questions presented will perhaps not arise on another trial.

Reversed and remanded.