(109 So. 900)

**BELL v. STATE. (1 Div. 656.)**

(Court of Appeals of Alabama.   Sept. 7, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Indictment and information ⊖⇒52(1)— Court's error in overruling demurrer to complaint held cured by permission to strike therefrom objectionable feature, and reverification was unnecessary (Code 1923, § 4646).**

Where affidavit charged that defendant did buy, sell, etc., prohibited liquors, court's error in overruling demurrer to complaint was cured by permitting solicitor, under Code 1923, § 4646, to strike therefrom allegation that defendant "did buy" prohibited liquors, and reverification of charge was unnecessary.

**2. Criminal law ⊖⇒459—Testimony as to smell and taste of whisky found held admissible, where witnesses testified to experience in handling character of liquor involved.**

In liquor prosecution, it was not error to permit witnesses to testify as to smell and taste of whisky found, where such witnesses testified to experience of many years, in handling, as officers, character of liquor involved.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Charlie Bell was convicted of violating the prohibition law, and he appeals.   Affirmed.

Hybart & Hare, of Monroeville, for appellant.

An order of continuance in a criminal case should not be set aside without the most cogent reasons.   16 C. J. 511; Bryant v. State, 185 Ala. 8, 64 So. 333; Walker v. State, 117 Ala. 85, 23 So. 670; Morris v. State, 193 Ala. 1, 68 So. 1003; Thomas v. State, 15 Ala. App. 408, 73 So. 558.   Demurrer to the complaint should have been sustained, for that it contained an alternative averment charging no offense under the statute. Dix v. State, 8 Ala. App. 338, 62 So. 1007; State v. Collins, 200 Ala. 503, 76 So. 445. The amendment by the solicitor did not cure the error;   the complaint must have been reverified.   Moore v. State, 165 Ala. 107, 51 So. 357;   Miles v. State, 94 Ala. 108, 11 So. 403;   10 Ency. Pl. & Pr. 451; Echols v. State, 16 Ala. App. 138, 75 So. 814;   Broglan v. State, 17 Ala. App. 403, 86 So. 164; Dillard v. State, 137 Ala. 106, 34 So. 851; Rogers v. State, 12 Ala. App. 196, 67 So. 781.   It was error to permit state's witnesses to testify as to the smell and taste of the liquor.   Anderson v. State, 20 Ala. App. 505, 103 So. 305.

---

⊖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The amendment of the complaint did not prejudice the rights of the defendant. Code 1923, § 4646; Du Bose v. State, 19 Ala. App. 630, 99 So. 746. The ruling of the trial court upon motion for a continuance was correct. Higdon v. State, 20 Ala. App. 649, 104 So. 913. The rulings on admission of evidence were without error. Hallmark v. State, 20 Ala. App. 281, 101 So. 905.

SAMFORD, J. [1] The prosecution was begun by affidavit, and charged that defendant did buy, sell, have in possession illegally, give, barter, exchange, receive, deliver, carry or ship prohibited liquors, contrary to law. Demurrer to this complaint was overruled, but before the trial proceeded to the jury the solicitor, by permission of the court, amended the affidavit by striking therefrom the allegation that the defendant "did buy" prohibited liquors. This cured the error of the court in overruling the demurrer to the complaint.

Under section 4646 of the Code of 1923, the affidavit may be amended to meet the ends of justice and to prevent a dismissal of the case upon any informality, irregularity, or technicality. A reverification of the charge was unnecessary. Nelson v. State, 15 Ala. App. 102, 72 So. 510.

Much evidence is set out in the record touching the court's action in setting aside an order of continuance, already entered, and requiring the defendant to go to trial at that term of the court, and in this it is urged that the court abused the discretion which must ever rest in the trial judge. We have read the record carefully and without commenting at length thereon we must hold in this case that there is no such abuse of power shown as would authorize this court to say that the trial court committed error in this regard. Brown v. State, 16 Ala. App. 29, 75 So. 174; Higdon v. State, 20 Ala. App. 649, 104 So. 913.

[2] It is insisted that error arose on the trial when the several state's witnesses were allowed to testify as to the smell and taste of the whisky found. We have held in at least two cases (Anderson v. State, 20 Ala. App. 505, 103 So. 305, and Whetstone v. State, 19 Ala. App. 331, 98 So. 216) that the sense of smell is a perfectly natural manner of obtaining information from which to testify. We have also held in the Anderson Case, supra, that the admission of such testimony must be safeguarded by legal rules evincing a knowledge of the facts by the party testifying. In this case this was done. The witnesses, all without objection, testified that the liquor found was whisky, and testified to an experience of many years in handling, as officers, the character of liquor here considered. Other objections to testimony were without merit.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.