(120 So. 917)

## WATSON v. STATE. (1 Div. 809.)

Court of Appeals of Alabama. March 19, 1929.

C. L. Hybart, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

BRICKEN, P. J. The offense charged was violation of the prohibition laws of the state. The prosecution originated in the county court, and from a judgment of conviction in that court the defendant appealed to the circuit court, and was there tried by a jury, who returned a verdict of guilty and assessed a fine of $150. Default being made in the payment of the fine and cost, the court duly sentenced the defendant to serve at hard labor for the county.

State witness Russell Turberville was permitted to testify, without objection, to a state of facts based principally upon deductions and conclusions of the witness; but as this testimony was given without objection, and was before the jury for its consideration, the probative force thereof was for the jury to determine. No point of decision in this connection is presented for review.

Pending the trial, each of the state's witnesses was permitted to testify, over the timely and appropriate objection of defendant, that a blanket in the car of defendant was wet and smelled like whisky or shinney; and witness Turberville was asked directly by the solicitor, "Now, did you smell any odor of whisky there?" To which witness answered, "Yes, sir; I smelt whisky." No attempt was made to qualify any of these witnesses, or to show that they had any knowledge of the smell or odor of whisky, and for this reason the numerous exceptions, reserved by defendant in this connection, must be sustained. The rulings of the court are in direct conflict with the rule announced by this court in the cases of Anderson v. State, 20 Ala. App. 505, 103 So. 305; Bell v. State, 21 Ala. App. 550, 109 So. 900; Mathews v. State, 21 Ala. App. 181, 106 So. 390.

The conviction of this appellant rested principally, if not entirely, upon the evidence of the state's witnesses based upon their sense of smell, and while evidence of this character is permissible, to make it competent, it must be first shown that the witness is qualified to so testify as announced in the cases, supra.

The defendant denied strenuously that he had sold any whisky, also that he had had any in his possession. He insisted that the wet blanket in his car was caused by his little sick baby, who had been wrapped therein during a long journey in the automobile from which the wet blanket in question had been taken.

Other questions presented will probably not arise upon another trial, so need not be discussed.

Reversed and remanded.