174 So. 801

## McDUFFIE v. STATE.
### 4 Div. 279.

Court of Appeals of Alabama.
Feb. 2, 1937.
Rehearing Denied March 16, 1937.

F. S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

Mulkey & Mulkey, of Geneva, for appellant.

RICE, Judge.

We did hold in the case of Mathews v. State, 21 Ala.App. 181, 106 So. 390, relying upon the authority of opinion by Judge Samford in the case of Anderson et al. v. State, 20 Ala.App. 505, 103 So. 305, that it was "error to permit a witness to testify as to whether the contents of a receptacle smelled of intoxicating liquor, where witness is [was] not *qualified* as to the sense of smell." (Italics supplied). And Judge Bricken came along, and wrote the same thing, in the case of Watson v. State, 23 Ala.App. 73, 120 So. 917, citing both the Mathews and Anderson Cases, supra.

But it seems we were all wrong. Whether because we simply misconceived the law, or because the detective powers of the common—public, general, universal—"sense of smell" have improved, it is now the law (so decreed by our Supreme Court, Mr. Justice Brown, writing) that: "Where it appears * * * that the witness inspected the bottle [or other receptacle, we interpolate], and smelled * * * the contents thereof, no reason appears [which we understand to be the Supreme Court's way of saying 'there is no reason'] why he may not state his judgment as to whether the contents is whisky, the characteristics of which is a matter of such common knowledge that courts take judicial knowledge thereof." Johnson v. State, 222 Ala. 90, 130 So. 777, 778.

So the holdings to a contrary effect in the cases of Mathews v. State, Anderson et al. v. State, and Watson v. State, all cited above herein, are here and hereby overruled and set at naught.

With our mentioned holdings in the three cases listed goes down any hope appellant here may have entertained for a reversal of the judgment of conviction.

We have read the testimony, sitting en banc. It was such that appellant was not entitled to have the jury given at her request the general affirmative charge to find in her favor.

The exceptions reserved, other than those treated by what we have already written, are so patently without merit as to require no discussion.

The judgment is affirmed.

Affirmed.