44 So.2d 275

### DAVIS v. STATE.

7 Div. 54.

Court of Appeals of Alabama.

Feb. 7, 1950.

E. G. Pilcher, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's jury trial under an indictment charging murder in the second degree resulted in a verdict of guilty of manslaughter in the second degree. Judgment was duly entered in accordance with such verdict.

The appellant was driving on a rainy night toward Gadsden on the Anniston-Gadsden highway. His automobile collided with one approaching in an opposite direction, resulting in the death of DeWitt Stovall, a minister, who was alone in his car.

Among the witnesses presented by the State was the Highway Patrolman who arrived at the scene of the wreck shortly after its occurrence. This witness made a drawing of the scene, showing the position of the automobiles after the wreck, in relation to the highway. This drawing also shows the point of impact, which this officer testified was determined by him from observation of debris in the highway, and "drag" marks. The inference to be drawn from this drawing and the patrolman's testimony in connection therewith is that the appellant's automobile was substantially to the left of the center line of the highway in relation to the direction in which appellant was driving.

Two of the witnesses for the State, who were at the scene very shortly after the collision, testified that the above mentioned drawing was substantially correct, one stating that it was "almost identical to what I saw," and the other stating that with the exception of the position of a rear wheel of one of the cars that: "It looks very much like the way I found it."

This drawing was used repeatedly by both sides during the examination of witnesses.

Dr. Harner, who attended appellant when he was brought to a hospital after the wreck, testified that he smelled alcohol on appellant's breath at that time.

At the close of the State's case the appellant moved that the evidence be excluded because of its insufficiency, and that the appellant be discharged. This motion was denied by the court below.

The tendency of appellant's evidence was to the effect that at the time of the collision he was well to the right of the lane in which he was supposed to travel, and that it was the deceased's automobile that improperly crossed the center line of the highway.

Appellant, and those witnesses who had been with him during the day of the collision, and at the time of the collision, denied that appellant had had anything to drink prior to the collision.

In our opinion the evidence presented by the State was sufficient to establish a prima facie case, if believed by the jury under the required rule. No error therefore resulted from the court's denial of appellant's motion to exclude the evidence and discharge the appellant.

It appears that the drawing made by the highway patrolman, and repeatedly used by both sides in the examination of witnesses was not actually offered in evidence until after the court had completed its charge to the jury. The appellant objected to the introduction of the drawing at this stage of the proceeding, which objection was overruled.

While there was no formal offering of the drawing until the trial had reached its closing phases, as indicated, yet the drawing was exhibited repeatedly during the trial, and used by both sides in the examination of witnesses, and to all intents and purposes it was treated by both sides as having been introduced. It was therefore in evidence even prior to its formal introduction. Kabase v. State, 31 Ala.App. 77, 12 So.2d 758; Taylor v. State, 249 Ala. 130, 30 So.2d 256. Certainly the substantial rights of the accused were not probably materially affected by the ruling of the court in this instance.

The written charges requested by the appellant, and refused by the court, were refused without error, since these charges were either adequately covered by the oral charge of the court, or other written charges which were given; or were abstract under the verdict rendered; or were faulty.

No motion for a new trial was filed in the court below.

In our opinion this cause is due to be affirmed, and it is so ordered.

Affirmed.