47 So.2d 431

### BULLION et al. v. STATE.

8 Div. 759.

Court of Appeals of Alabama.
June 27, 1950.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

Claud H. Pipes and Griffin, Ford, Caldwell & Ford, all of Huntsville, for appellant.

BRICKEN, Presiding Judge.

The discrepancy in the record has been corrected, and as now presented is in all things regular. It appeared the discrepancy was due to a clerical misprision and this was

cured upon certiorari issued by the court at the instance of the State.

The above named appellants were jointly indicted for shooting a rifle into the dwelling house of John Adcock. The indictment was for the violation of Title 14, Section 171, Code of Alabama 1940.

The trial resulted in the conviction of both of the defendants as charged. Judgments of conviction were duly pronounced and entered, from which this appeal was taken.

The evidence in the case upon the trial in the court below was redundant to the effect that upon the night in question the dwelling house, of John Adcock, was shot into five times with a rifle. There was no controversy in the evidence as to this. The two appellants, defendants below, after a full and proper predicate, voluntarily admitted they were the persons who fired the shots complained of, and their confessions were taken down in writing. In the written confession of Will Ingram he stated that he and Bullion shot into "the last house on North Dallas Street." The evidence disclosed that the dwelling house of John Adcock was not the last house on North Dallas Street, but was next door to the last house; the two houses being in very close proximity to each other. Earnest counsel for appellants insist that this statement created a fatal variance between the allegation in the indictment and the proof, and upon said.

grounds moved to exclude the evidence, which motion was overruled and this action of the court is the principal insistence of error upon this appeal. It would require a constrained construction to hold that the manifest mistake, or error, whether intentional or not, would constitute a variance as insisted upon by appellants; the most that could be said about it, is that it created a conflict in the evidence for the determination of the jury. The learned trial court properly so held, therefore no error prevailed in the ruling, and the strenuous insistence of appellants in this connection is wholly without merit and cannot be sustained. It clearly appears, as already stated, that from the testimony of numerous witnesses that the Adcock house was the only house which was shot into on the night in question, and the defendants both admitted having fired a rifle on that occasion.

In "Proposition No. 2" it is insisted that: "The court erred in overruling the 27th ground of the motion for a new trial, in the light of the fact that the said written confession of Howard Bullion was not offered in evidence." This (27th) ground of the motion for a new trial is as follows: "The Court erred in permitting the following alleged written confession of Buster Bullion to go out with the jury, which said confession was not offered in evidence." As appears of record the Bullion confession, with endorsements thereon, is as follows:

"Exhibit 2 for State

"A. W. McAllister     A. M. Wikle     Ralph H. Ford
   Mayor     Chairman Police Committee     Recorder
"Department of Police     City of Huntsville
J. L. Carroll, Chief     Alabama
               March 1, 1948

"(Howard D. Bullion) H.D.B.

"I, Buster Bullion, after having been advised that anything I might say may be used against me and having been advised of my rights and promised no reward to make a statement do hereby make the following statement of my own free will and accord.

"About 6 or 6:30 P.M. on last Sat. night (Feb. 28) I was sitting on Will Ingram's porch. He said something to me about trying out a rifle. I said O.K. we will try it out. He went somewhere and got a rifle at the time I went into the house to see if supper was ready. About 2 or 3 minutes I came back on the front and met Will Ingram. He had the rifle with him at this time. While I was in the house I got four 22 cal. shells.

"We then went across the street into a vacant space where there was a garage and cinder pile. He handed me the rifle and I shot one time at something across the railroad which reflected bright. I gave him the rifle and he shot all the other cartridges left in the rifle.

"I heard some return shots so I ran to my house. I did not see where Will went.

"I have read the above statement consisting of one page and a half and find that it is true to the best of my knowledge and belief.

"Signed
"Howard D. Bullion."

The foregoing insistence cannot be sustained. This identical question has been recently decided in our cases of Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, and Davis v. State, Ala.App., 44 So.2d 275.[1] To reiterate what was said by the court in above cases on this point is not deemed necessary.

The third and remaining "Proposition" by appellants is not sustained by the record, for it affirmatively appears that the court sustained the appellants' objection and excluded the answer of the witness when witness stated, "Well, there was a picket tent." The court in this connection stated, "I sustain the objection. * * * I sustain the objection. I think it is a question of whether or not he shot into the house, I don't think that other is material." No reversible error appears in any of the court's rulings, hence the judgments of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.