101 So.2d 94

Homer LONG

v.

STATE.

8 Div. 246.

Court of Appeals of Alabama.
March 4, 1958.

Gilchrist & Murphree, Decatur, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of transporting prohibited alcoholic beverages in quantities of five gallons or more.

The sole question on this appeal is whether the evidence presented by the State as to the quantity of liquor was sufficient to support the verdict of guilty.

The liquor was in a container referred to by the State's witnesses as a five gallon G. I. can.

Sheriff James H. Collier testified that while he had not measured the contents of the present can, he had measured other five gallon G. I. cans exactly like the one involved in this case, and that they held five gallons; that the can in this case was full of moonshine liquor, even "up in the spout," and in his best judgment there was five gallons or better of liquor in it.

Deputy Sheriff Patterson testified that in his judgment there was a little over five gallons of whiskey in the can; that he had not measured the contents of this can, but had measured other five gallon G. I. cans.

The can and its contents were offered in evidence by the State. The court, upon objection by the defense, reserved its ruling.

The record shows that during the Solicitor's argument to the jury defense counsel objected to the Solicitor placing the can before the jury and referring to it.

The court stated he thought he had overruled the defense objection to the admission of the can into evidence. Upon the reporter finding no such ruling the court stated it was overruling the objec-

tion to the admission of the can and contents, and was reopening the case.

Upon objection by the defense to reopening the case, the court stated he would sustain the objection to reopening the case.

However, in this connection the record shows the following:

"The Court: And I am holding that the can and contents has been before the jury; the jury has the right to see it in their presence. I'll re-consider my ruling in re-opening the evidence, and will not let the evidence be re-opened. In view of the fact that the can has been exhibited to the jury; they have looked at it; they have the right to see it before them, and the Court will let you proceed on that theory. You may proceed.

"Mr. Lynne: I think Your Honor is imminently correct in your ruling. Now then, we object to any reference in argument, and to any exhibition or any opening or viewing by the jury, by the Solicitor in the course of his argument.

"The Court: The G. I. can and contents has been before the jury since the commencement of this trial; they have seen it and viewed it; it has been in open view all that time. At this time there is no question before the Court to rule upon, and the general objection to any exhibiting of the can is overruled, if that is what you mean at this time, because it has been before the jury during the entire trial, and therefore the Court will not exclude it from you at this time.

"Mr. Lynne: The Solicitor was walking before the jury and opened the can while Your Honor was ruling, after we made objections to it.

"The Court: The can was opened many times in the presence of the jury before the instance you referred to; it has been seen and viewed by the jury many times, and it would do no good for the State or defendant to exclude them from looking at it again.

"Mr. Lynne: But prior to this time the can was moved some ten feet from the jury box when it was opened, and the open space was away from the jury, and their view of the contents was obscured from the jury, and now the Solicitor has come right there within two feet of the jurors and opened the can right in their presence while the Court was ruling.

"The Court: The Court does not entirely agree with the statement of counsel. It is up to the jury to find what the facts are, but I won't make any further statement concerning it. I think either one of you can refer to anything that has been referred to throughout the trial of the case, and which has been in the presence of the jury throughout the trial."

Under the court's statement, we think the can and its contents must be considered to all intent and purposes as evidence before the jury. Taylor v. State, 249 Ala. 130, 30 So.2d 256; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758; Davis v. State, 35 Ala.App. 144, 44 So.2d 275.

The appellant relies for reversal upon Rungan v. State, 25 Ala.App. 287, 145 So. 171. In the Rungan case the evidence found by this court was to the effect that the beer was in a five gallon jug which was full. However, on cross examination the State's witnesses testified they had never measured the contents, and they did not know that the jug would hold five gallons, it might be less.

In the present case the witnesses for the State testified that they had measured other five gallon G. I. cans like the present cans, and "exactly like it," and that they had held five gallons; that the can in this case was full to the spout, and in their judgment contained over five gallons of liquor.

There is thus in this case evidence furnishing a basis for admeasurement tending to show that there was five gallons or more of liquor in the G. I. can. There was no such evidence in the Rungan case, supra. Furthermore, there is no showing in the Rungan case, supra, that the five gallon jug was before the jury.

The above differences in the evidence submitted in this case, and that in the Rungan case, supra, does not vitiate the doctrine of the Rungan case, supra, as to standard of proof required.

Affirmed.