106 So.2d 36

**Morris GRIFFIN**

v.

**STATE.**

**3 Div. 31.**

Court of Appeals of Alabama.

Dec. 9, 1958.

L. H. Walden, Montgomery, for appellant.

672

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was convicted of the offense of transporting prohibited beverages in quantities of five gallons or more. Section 187, Title 29, Code 1940.

The evidence for the State tended to show that two highway patrolmen, Raiford and Huckabee, were operating a radar station on Highway 331 south of Montgomery, Alabama, on August 1, 1957. About 7:00 p. m., an automobile driven by defendant approached the station exceeding the legal rate of speed. Another negro was in the car. The car slowed to about ten miles an hour but did not stop. The offi-cers positively identified the defendant as the driver. Officer Huckabee gave chase and four or five miles down the highway the defendant turned off on a dirt road, driving at a speed of seventy to eighty miles an hour, failed to make a curve and wrecked his car. When officer Huckabee reached the wreck there was no one in the car. A search of the car revealed over one hundred gallons of untaxed bootleg whiskey. Some of the jugs were broken and the whiskey was spilled all over the car.

The dog warden was called from Kilby Prison and blood hounds picked up a trail and started in the direction of Montgomery. About eight o'clock p. m., the dogs, defendant and another negro were found at Catoma Creek bridge. The defendant was wet with perspiration. His clothes smelled of whiskey and had sand-spurs and grass seed on them.

No evidence was presented on defendant's behalf.

Counsel for appellant argues that appellant's request for the general affirmative charge and his motion for a new trial were erroneously refused because the evidence failed to show (1) that the liquid found in the car was suitable to be used as a beverage; (2) that the alcoholic content was more than one-half of one per cent and (3) that the witnesses were not shown to be qualified to testify to the contents of the jugs.

The officers described the liquid as "untaxed bootleg whiskey," "homemade whiskey", "white whiskey", "moonshine whiskey", and testified it "smelled like whiskey." This uncontroverted testimony was sufficient proof of the illegal character of the liquid. Roughton v. State, 38 Ala.App. 17, 77 So.2d 666, certiorari denied 262 Ala. 703, 77 So.2d 667; Gray v. State, 29 Ala. App. 568, 199 So. 255; Austin v. State, 36 Ala.App. 690, 63 So.2d 283.

It was not required that the witnesses be shown to be qualified as to sense of smell in order to state their judgment as to whether the jugs contained whiskey.

Johnson v. State, 222 Ala. 90, 130 So. 777; McDuffie v. State, 27 Ala.App. 403, 174 So. 801, certiorari denied 234 Ala. 411, 174 So. 802.

■ Section 93 of Title 29 includes in the designation of prohibited liquors and beverages "alcohol, alcoholic liquors * * * whiskey," and provides that "any liquor, drink or liquid made or used for beverage purposes containing any alcohol shall be deemed an alcoholic liquor, within the meaning of the term 'prohibited liquors and beverages.' "

This definition includes "moonshine whiskey." State v. Merrill, 203 Ala. 686, 85 So. 28.

■ The possession of "illicit distilled liquor" is prohibited by law even in counties where legal liquors are authorized to be sold, and in that respect the prohibition law is preserved by the repealing clause in the Beverage Control Act. Boyd v. State, 239 Ala. 578, 195 So. 767; Section 75, Title 29, Code 1940.

■ The evidence presented questions for the jury's determination and was sufficient in our opinion to support the judgment of conviction. There was no error in the refusal of the affirmative charge nor in the denial of the motion for a new trial.

Affirmed.