113 So.2d 359

Willie **WILSON**

v.

**STATE.**

**3 Div. 33.**

Court of Appeals of Alabama.

June 9, 1959.

**324**

L. H. Walden, Montgomery, for appellant.

John Patterson, Atty. Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted under an indictment charging him with transporting, in quantities of five gallons or more, prohibited liquors or beverages.

Police officers testified they first saw defendant, a colored man, as he was driving a 1949 Ford automobile in a Northerly direction on Narrow Lane Road in the City of Montgomery, between 5:00 and 5:30 in the morning. The vehicle driven by defendant was pushing a 1951 Ford, which was occupied by two colored men. The officers attempted to stop the cars, but instead they turned left onto Fairview Avenue and then right onto College Street. Officer Crawford sounded the siren and motioned for the cars to pull to the curb. Thereupon defendant whipped around the car he was pushing and sped up College Street. The officers overtook the fleeing vehicle and defendant pulled to the curb.

A search of the 1949 Ford revealed twenty-one five gallon jugs of corn whiskey in the trunk, back seat, and on the floor boards of the front seat. Officer Crawford testified that he knew what corn whiskey was, that he opened some of the jugs, he smelled the contents, and that they, in his opinion, contained whiskey. One five gallon jug of whiskey found in the car driven by defendant was clearly visible from the driver's seat. The occupants of the 1951 Ford had escaped, leaving the vehicle. This automobile contained twenty-five gallon glass jugs of white whiskey.

Defendant testified he was called from his brother's garage to go and start a car for some person he did not know, on Woodley Road near Troy Highway. When he arrived in his pick-up truck, he stated he found a 1951 Ford which was unoccupied, and thereafter two men drove up in a 1949 Ford. He testified the 1951 Ford was out of gas, and since the bumper on his truck was broken he pushed the 1951 Ford with the 1949 Ford. He denied that he fled from the police and stated he saw no whiskey in the 1949 Ford. He stated he did not know the owner of either of the vehicles.

Counsel contends the court erred in overruling appellant's motion for a directed verdict because of the state's failure to prove the liquor found in the automobile driven by appellant was suitable to be used as a beverage, or that it contained more than one-half of one percentum of alcohol by volume.

The state's uncontroverted evidence was sufficient proof of the illegal character of the liquid. Griffin v. State, 39 Ala.App. 671, 106 So.2d 36, and cases there cited. The motion for a directed verdict was properly overruled.

The judgment is affirmed.

Affirmed.