136 So.2d 904

Lee LEDBETTER

v.

STATE.

8 Div. 756.

Court of Appeals of Alabama.

April 25, 1961.

Rehearing Denied June 30, 1961.

Butler & Scott, Huntsville, for appellant.

**324**

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

This appeal is from a judgment of conviction for the offense of transporting prohibited liquors or beverages in quantities of five gallons or more. Title 29, Section 187, Code of Alabama 1940.

The cause was originally submitted in this court on February 2, 1961. On motion of appellant submission was set aside to allow an amendment of the judgment, nunc pro tunc. The cause has been resubmitted on the state's motion to dismiss the appeal and on the merits. The amended judgment entry shows the motion to dismiss, because not timely filed, to be without merit. The motion is denied.

The evidence presented for the state tends to show that a truck, being operated by appellant in Madison County, was stopped by L. D. Wall, Sheriff of said county, and J. P. Haywood, Alabama Alcoholic Beverage Control Board Agent. The officers found five one-gallon jugs filled with "wildcat" or "moonshine" whiskey on the floorboard of the truck. Four of the jugs were in a cardboard carton and the fifth jug was sitting on the floorboard. These jugs were covered by an old coat or jacket.

The officers testified they did not measure the contents of the jugs but that they were standard one-gallon jugs and each jug contained a gallon of the whiskey. The sheriff stated the jugs of whiskey and the carton were tagged by the jailer in his presence and were placed in the evidence room and kept there until the day of trial. The key

to the evidence room was used only by the sheriff and his deputies and although prisoners sometimes were sent into the evidence room to clean it, they were always watched; that except for the tags placed on the jugs they were in the same condition when brought into court as they were taken from defendant's truck.

The jugs with their contents, together with the carton, were introduced in evidence.

No evidence was presented in defendant's behalf.

The appellant contends that the evidence was not sufficient to show that the whiskey was prohibited or that it was in an amount of five gallons or more.

■ The uncontroverted testimony of the officers that it was "moonshine" or "wildcat" whiskey and that it smelled like whiskey was sufficient proof of its illegal character. Griffin v. State, 39 Ala.App. 671, 106 So.2d 36, and cases cited therein.

■ Appellant relies on the case of Rungan v. State, 25 Ala.App. 287, 145 So. 171, as authority for his contention that the evidence was not sufficient to show that the jugs held five gallons or more of whiskey. The testimony in the Rungan case was similar to that in the present case. In the case at bar, however, Sheriff Wall and the witness Haywood, a man of 19 years experience in the enforcement of liquor laws, both testified the five jugs were standard one-gallon jugs each containing one gallon of whiskey. In Miller v. State, 39 Ala.App. 584, 105 So.2d 711, 713, we said:

"A nonexpert may give an opinion on quantity based on personal observation, even though his evidence is but an approximate estimate, Bass Furnace Co. v. Glasscock, 82 Ala. 452, 2 So. 315. The reliability of the witness' judgment goes to weight rather than admissibility."

In the Rungan case, supra, the beer was not introduced in evidence. In the case at

bar the jugs and their contents were before the jury. The testimony of the officers, together with the jugs and the liquid contained therein, was sufficient to support a finding that the quantity of the whiskey was five gallons or more. Long v. State, 39 Ala.App. 384, 101 So.2d 94; Burnett v. State, 36 Ala.App. 489, 59 So.2d 824.

The court's rulings in denying the motion to exclude the state's evidence, refusing the requested general affirmative charge and overruling the motion for a new trial on the question of the sufficiency of the evidence, were without error.

 The defendant filed demurrer to the indictment after arraignment and after the plea of not guilty. The state's motion to strike defendant's demurrer to the indictment was properly sustained. Underwood v. State, 248 Ala. 308, 27 So.2d 492.

The court sustained an objection to defense counsel's closing argument, whereupon counsel stated to the court:

"I want this in the record. I think that I have a right to point out to the jury and to read to the jury a case that is exactly in point with mine showing that even though three witnesses testified that there was five gallons, that it was full up to the brim—."

To support his contention that the sustaining of the objection was error, appellant cites, among other cases, Curry v. State, 23 Ala.App. 140, 122 So. 303, 305, wherein it is said:

"It is permissible for an attorney to read, in connection with his argument to the jury, extracts from decisions of this court or the Supreme Court announcing rules of law as applicable to the facts in the case then being tried, *but it is not permissible for the attorney to read statements of facts from* other cases, that the jury may draw conclusions as to whether they are the *same;* those are questions particularly within the province of the court. Robinson

v. State, 155 Ala. 67, 45 So. 916." (Emphasis supplied.)

 The statement of appellant's counsel indicates he proposed to show a factual analogy between the case at bar and the case he desired to read from, which, under the Curry case, was not permissible argument.

The record in this case contains 37 pages. There are 18 pages of testimony. Appellant's brief consists of 82 pages. We deem it unnecessary to pass specifically upon the numerous arguments advanced in brief, which are entirely without merit. In most instances no ruling of the trial court was invoked, and nothing is presented for our review. It suffices to say that we have carefully searched the record and find no reversible error therein. The judgment is affirmed.

Motion denied.

Judgment affirmed.