On Application for Rehearing

YATES, Judge.
This court’s opinion of June 2, 1995, is withdrawn, and the following opinion is substituted therefor:
LL & E Petroleum Marketing, Inc., an Alabama licensed motor fuel distributor, with its principal place of business in New Orleans, Louisiana, petitioned the State Department of Revenue for refunds of gasoline excise taxes of $230,417.77 and $672,462.72 that it had paid pursuant to § 40-17-31(a), Ala. Code 1975.[1] The Department denied the petitions, and LL & E appealed to the Administrative Law Division of the Department. After a consolidated hearing, the administrative law judge entered a final order upholding the Department’s denial of LL & E’s petitions for refund. LL & E appealed, pursuant to § 40-2A-9(g), Ala.Code 1975, to the circuit court; on November 7, 1994, the circuit court denied LL & E’s motion for a summary judgment and granted the Department’s cross-motion for a summary judg *979 ment, entering a judgment in favor of the Department.
LL & E appeals, contending: (1) that the naphtha[2] it sold to two out-of-state companies does not constitute “gasoline” as defined in § 40-17-30(1), Ala.Code 1975; (2) that the trial court’s judgment does not further the purpose of Alabama’s gasoline tax; and (3) that the trial court failed to construe § 40-17-30(1), Ala.Code 1975, in a manner that would avoid absurd consequences.
In April 1992, LL & E sold LSR naphtha to an unlicensed, out-of-state distributor, with delivery taking place in Mobile. In September 1992, LL & E made two sales of BTX reformer naphtha to another unlicensed, out-of-state distributor, with delivery also taking place in Mobile. Pursuant to these sales, LL & E remitted gasoline excise taxes to the Department.
Section 40-17-30(1), Ala.Code 1975, defines “gasoline”: “GASOLINE. Gasoline, naphtha, and other liquid motor fuels or any device or substitute therefor commonly used in internal combustion engines.... ” This definition appears in Title 40 of the 1993 Replacement Volume 21 of the Code of Alabama; it includes a comma after the word “naphtha.”
The trial court based its interpretation of the gasoline excise tax on this version of the statute. Its order stated:
“Since the legislature specifically included ‘naphtha’ within the definition of ‘gasoline’ for purposes of the Alabama Gasoline Excise Tax Law, then it is clear that naphtha must be considered to be gasoline for purposes of the excise tax.”
[[Image here]]
“Section 40-17-30(1) defines ‘gasoline’ in three parts: (1) ‘gasoline,’ (2) ‘naphtha,’ and (3) ‘other liquid motor fuels or any device or substitute therefore commonly used in internal combustion engines.’ Gasoline and naphtha are included within the definition regardless of how they are used or intended to be used. The phrase ‘commonly used in internal combustion engines’ does not relate to gasoline or naphtha, but rather only modifies the phrase ‘... and other liquid motor fuels or any device or substitute therefore ...’ Consequently, naphtha is subject to the gasoline tax even though it is not commonly used in internal combustion engines.
“... [T]he plain wording of the statute must govern, and § 40-17-30(1) clearly includes naphtha as ‘gasoline,’ without stipulation as to how it is commonly used.”
However, neither the official Act, as passed by the legislature, nor the original 1975 Code contained a comma after the word “naphtha.” See Ala.Code 1975, § 40-17-30(1) (original Vol. 21 and 1985 Repl.Vol. 21); Ala.Code 1940, Tit. 51, § 646; Act. No. 772 § 1, 1953 Ala.Acts 1036; Act No. 847 § 1, 1951 Ala.Acts 1477. Those versions defined gasoline as follows:
“GASOLINE. Gasoline, naphtha and other liquid motor fuels or any device or substitute therefor commonly used in internal combustion engines....”
LL & E contends, based upon this original version of the Act, that the term “other liquid motor fuels” modifies and restricts the word “naphtha,” and that because the naphtha that it had sold to the two distributors was not suitable for use as a motor fuel nor commonly used in internal combustion engines, it was not “gasoline” and, it says, was not subject to the gasoline excise tax.[3] We agree.
Where the codified version of an act of the legislature varies from the act as adopted, the act as adopted controls. State v. Marshall, 14 Ala. 411 (1848). “The punctuation of the original act as passed by the legislature ... controls.” Sutherland Stat. Constr. § 47.15 at 179 (5th ed. 1992).
The absence of a comma between “naphtha” and “other liquid motor fuels ... *980 commonly used in internal combustion engines” suggests that the only naphtha that is subject to the tax is naphtha that is a liquid motor fuel and is commonly used in internal combustion engines. “[T]he maxim [noscitur a sociis] means ‘it is known from its associates’ ... and ordinarily the coupling of words denotes an intention that they should be understood in the same general sense.” Sutherland Stat. Constr. § 47.16 at 183. Because the naphtha at issue in this case was not a liquid motor fuel and was not capable of use in an internal combustion engine, it did not come within the definition of “gasoline” in § 40-17-80(1), Ala.Code 1975.
“[W]here the language of a taxing statute is reasonably capable of two constructions, the interpretation most favorable to the taxpayer must be adopted.” Alabama Farm Bureau Mutual Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984). The wording of the statute is, at the very least, ambiguous; therefore, it should be construed in LL & E’s favor. We, therefore, conclude that the legislature did not intend to include naphtha within the gasoline excise tax unless it is used as a liquid motor fuel. Here, the naphtha was not used as a liquid motor fuel and was not of a type commonly used in internal combustion engines; it, therefore, was not subject to the gasoline excise tax.
The other issues LL & E raises on appeal are inconsequential in light of our interpretation of § 40-17-30(1), Ala.Code 1975.
The trial court’s judgment is reversed and the case is remanded for the entry of an order consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.

. Section 40-17-31(a), Ala.Code 1975, provides: “Every distributor ... or user of gasoline shall collect and pay over to the State Department of Revenue an excise tax ... upon the selling, use or consumption, distributing, storing or withdrawing from storage in this state for any use of gasoline as defined or otherwise referred to in this article....”

. Naphtha, as defined in Webster’s Ninth New Collegiate Dictionary (1991), is "1: any of various volatile often flammable liquid hydrocarbon mixtures used chiefly as solvents and diluents 2: petroleum.”

. The parties stipulated that neither LSR naphtha nor BTX reformer naphtha, upon leaving the refinery, is suitable for use as motor fuel and that neither is commonly used in internal combustion engines.